IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

    **Plaintiff,**

v.                                                                    CASE NO. 19-3003-CM

SAMMY CLINE, et al.,

    **Defendants.**

## ORDER

Plaintiff, Patrick C. Lynn, is a state prisoner housed at El Dorado Correctional Facility-Central in El Dorado, Kansas ("EDCF"). Plaintiff brings this pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion to proceed in forma pauperis (Doc. 3).

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*. The Court has examined the Complaint (Doc. 1) and Memorandum and Affidavit in Support of TRO (Doc. 4)[2] and finds no showing of imminent danger of serious physical injury.

---

[1] *See, e.g., Lynn v. McClain,* 12 F. App'x 676, 679 (10th Cir. 2001) (noting that Lynn's "past civil filings have subjected him to the 'three strike' provisions"); *Lynn v. McClain,* 162 F.3d 1173 (10th Cir. 1998) (finding that Lynn "now has a total of six strikes against him").

[2] The Court was forced to search Plaintiff's Complaint (Doc. 1) and Memorandum and Affidavit in Support of TRO (Doc. 4) for allegations of imminent danger of serious physical injury. The Court notes that Plaintiff should have attached an affidavit to his motion to proceed in forma pauperis, containing only those facts relevant to make the showing of imminent danger of serious physical injury. *See Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *1–2 (D. Kan. Aug. 22, 2011).

As documented by the Court in Plaintiff's previous cases, Plaintiff is a highly litigious Kansas inmate. *See Lynn v. Patty*, No. 16-3254-JTM, Doc. 12 (Feb. 28, 2017); *Lynn v. Kansas*, No. 16-3089-JTM, Doc. 18 (Aug. 5, 2016). In the instant case, Plaintiff takes issue with the transportation strip-out procedures at EDCF. Plaintiff alleges that the Kansas Department of Corrections requires inmates to squat and bend over when coming and going from a facility. Plaintiff alleges that he has always been exempt from this practice, until he returned to EDCF on September 13, 2018.

Plaintiff alleges that he is physically unable to squat or bend over without falling and incurring great pain and serious injury. Plaintiff alleges that he has been punished with disciplinary reports for refusing to squat and bend over. Plaintiff alleges that he has submitted numerous grievances seeking a waiver "per the ADA laws." (Doc. 1, at 8.) Plaintiff alleges that he has degenerative spinal disc disease, which causes him debilitating back spasms and causes his legs and hips to go numb, causing him to fall and sustain injuries. Plaintiff also alleges that he has massive vascular blockages which cause his legs and hips to go numb, causing him to fall and sustain injuries. Plaintiff alleges that he has also had two major operations for a torn ACL and meniscus, requiring him to wear braces on both knees. Plaintiff alleges he has a "medically issued" cane, and he uses a wheelchair when he leaves his segregation cell.

Plaintiff alleges that he is "imminently subjected to irreparable injury or worse" unless the Court grants an injunction barring prison officials from any use of force upon Plaintiff for his refusal to squat and/or bend over during the search process. (Doc. 4, at 1.) Plaintiff alleges that such a requirement is in contravention of his "bona fide disabilities & ADA laws." *Id*. Plaintiff alleges that he will "absolutely suffer serious physical injury & another heart attack more likely

than not." *Id*. at 2. Plaintiff alleges that the squat and bend requirements have caused him to miss outside court and medical appointments.

Plaintiff alleges that EDCF security staff claim that to obtain a waiver of the squat and bend procedure, all that is needed is a medical waiver. *See McCoy v. Heimgartner*, No. 17-3139-JWB, 2019 WL 121117, at *7–8 (D. Kan. Jan. 7, 2019) (finding no Fourth Amendment violation for squat and bend procedure where "although Plaintiff claimed that he had a back injury, there is no evidence to support a finding that Plaintiff had a medical restriction regarding his ability to squat"). Plaintiff alleges that EDCF medical staff defendants claim they have "zero authority" to issue medical orders to waive the squat and bend procedures, claiming medical cannot overrule security.

Plaintiff fails to show that he is in imminent danger of serious physical injury. He takes issues with the squat and bend requirement, and acknowledges that he has received disciplinary reports for his failure to comply with the requirements. *See Jackson v. Gramiak*, No. CV 310-063, 2010 WL 3732197, at *2 (S.D. Ga. Aug. 23, 2010) (finding that allegations concerning seizure of legal property and the issuance of disciplinary reports do not involve any danger of physical injury and therefore do not meet the exception of § 1915(g)), *adopted* 2010 WL 3733007 (S.D. Ga. Sept. 16, 2010); *Taylor v. Allen*, No. 07-0794-CG-M, 2009 WL 1758801, at *2–3 (S.D. Ala. June 16, 2009) (finding that being labeled a "snitch" and being written an allegedly false disciplinary report do not manifest themselves as situations of "imminent danger of serious physical injury" and finding that fear, psychological stress, and mental anguish are not physical injuries as required by the statute).

Plaintiff also alleges that EDCF does not allow his heart medication to be "kept on person" and he refuses his medication because they will not allow him to identify the medication

prior to taking it. He alleges that his medication is put into a cup of water and he is expected to drink the "mush." (Doc. 1, at 7.) These allegations fail to contain specific, credible allegations of imminent danger of serious physical harm. "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The prisoner "should identify at least the general nature of the serious physical injury he asserts is imminent," and "should make a specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion." *Id.* (quoting *Hafed*, 635 F.3d at 1180). "Vague and utterly conclusory assertions are insufficient." *Id.*

The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id.* (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id.* (citation omitted). "[A]llegations of past misconduct of defendants and even of past injury to plaintiff are insufficient to allow a three-striker to proceed IFP." *Id.* (citation omitted).

"When the reason that the plaintiff speculates he is in danger of future harm is a pattern of past harassment, he still must show that danger was imminent at the time he filed his

complaint." *Id*. (citations omitted). "[E]ven specific examples of being denied health care in the past are not sufficient to satisfy the imminent danger exception under § 1915(g)." *Id*. at *3. (citation omitted). The allegations of imminent physical danger must be plausible and credible. *Id*. (citations omitted).

Plaintiff's vague and utterly conclusory assertions do not meet the imminent danger exception. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $400.00 district court filing fee[3] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to proceed in forma pauperis (Doc. 3) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 8, 2019,** to submit the $400.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated on this 24th day of January, 2019, in Kansas City, Kansas.**

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **U. S. District Judge**

---

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.