**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**PATRICK C. LYNN,**

**Plaintiff,**

**v.** **CASE NO. 19-3003-CM**

**SAMMY CLINE, et al.,**

**Defendants.**

# MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee in full. At the time of filing, Plaintiff was incarcerated at the El Dorado Correctional Facility-Central in El Dorado, Kansas ("EDCF"). This matter comes before the Court for screening of Plaintiff's Complaint (Doc. 1) and Supplemental Sworn Complaint (Doc. 9), and on Plaintiff's "Motion to Reopen McCurrie Suit & Consolidate Into Cline Suit With Request for Video-Teleconference Hearing" (Doc. 12), Motion for Appointment of Counsel (Doc. 13), and "Plaintiff's Motion for Leave to File Comprehensive Amended Sworn Complaint Incorporating McCurrie Suit & up to 5-3-19" (Doc. 14).

## I. Nature of the Matter before the Court

Plaintiff alleges in his Complaint that EDCF's transportation strip-out procedures require him to squat and bend over despite his disabilities. Plaintiff alleges that his disabilities are being "maliciously discriminated against in violation of the ADA and R/A," and he seeks injunctive relief "for being physically unable to squat or bend over." (Doc. 1, at 3.) Plaintiff alleges that he is "imminently subjected to irreparable injury or worse" unless the Court grants an injunction barring prison officials from any use of force upon Plaintiff for his refusal to squat and/or bend over during the search process. (Doc. 4, at 1.)

Plaintiff alleges that the Kansas Department of Corrections ("KDOC") requires inmates to squat and bend over when coming and going from a facility. Plaintiff alleges that he has bona fide disabilities that should exempt him from the squat and bend requirement. Plaintiff alleges that he has always been exempt from this practice, until he returned to EDCF on September 13, 2018. Plaintiff alleges that EDCF staff started the abuses on October 12, 2018, and he has been maliciously discriminated against by defendants on 8 out of 9 transportation events. He claims he was exempted from the squat and bend requirement on October 3, 2018, when he was transported to the Leavenworth County Courthouse. He claims he was denied outside medical and court appearances on October 12th and 16th, November 19th, 20th, and 29th, and December 10th and 27th.

Plaintiff alleges that he is physically unable to squat or bend over without falling and incurring great pain and serious injury. Plaintiff alleges that he has been punished with disciplinary reports for refusing to squat and bend over. Plaintiff alleges that he has submitted numerous grievances seeking a waiver "per the ADA laws." (Doc. 1, at 8.) Plaintiff alleges that he has degenerative spinal disc disease, which causes him debilitating back spasms and causes his legs and hips to go numb, causing him to fall and sustain injuries. Plaintiff also alleges that he has massive vascular blockages which cause his legs and hips to go numb, causing him to fall and sustain injuries. Plaintiff alleges that he has also had two major operations for a torn ACL and meniscus, requiring him to wear braces on both knees. Plaintiff alleges he has a "medically issued" cane, and he uses a wheelchair when he leaves his segregation cell.

Plaintiff alleges that EDCF security staff claim that to obtain a waiver of the squat and bend procedure, all that is needed is a medical waiver. *See McCoy v. Heimgartner*, No. 17-3139-JWB, 2019 WL 121117, at *7–8 (D. Kan. Jan. 7, 2019) (finding no Fourth Amendment violation

for squat and bend procedure where "although Plaintiff claimed that he had a back injury, there is no evidence to support a finding that Plaintiff had a medical restriction regarding his ability to squat"). Plaintiff alleges that EDCF medical staff defendants claim they have "zero authority" to issue medical orders to waive the squat and bend procedures, claiming medical cannot overrule security.

Plaintiff also alleges that although the Lansing Correctional Facility ("LCF") and the Hutchinson Correctional Facility ("HCF") allow his heart medication to be KOP ("kept on person"), EDCF refuses. In addition, Plaintiff alleges that he refuses his medication because they will not allow him to identify the medication prior to taking it. He alleges that his medication is put into a cup of water and he is expected to drink the "mush." (Doc. 1, at 7.) Plaintiff alleges that surgeries have been cancelled in retaliation for his First Amendment activities, and he is being denied a handicap-equipped cell with grab bars.

In his Complaint, Plaintiff names thirty defendants from EDCF, four KDOC defendants, the Kansas Governor and Kansas Governor-Elect, the State of Kansas, Corizon Health, the Corizon Health Regional Director, and the LCF staff attorney. Plaintiff seeks injunctive relief waiving the squat and bend requirement and enforcing ADA laws, damages in excess of $75,000, and "referral to Federal Grand Jury for Federal criminal law violations as provided by 18 U.S.C. § 3332(a)." (Doc. 1, at 5.)

Plaintiff was transferred to HCF on January 23, 2019. (Doc. 6.) On February 25, 2019, Plaintiff filed a "Supplemental Sworn Complaint" (Doc. 9) "for continuing constitutional torts & ADA violations & actionable criminal abuses under K.S.A. 21-5105, & invoking 18 U.S.C. § 3332(a) to appear before the KS Federal Court's Grand Jury." Plaintiff's supplemental complaint alleges violations occurring at HCF since his transfer there on January 23, 2019.

Plaintiff's supplemental complaint adds twenty-seven defendants from HCF, including "all former & current HCF SST's (Special Security Team) Members since 1-1-15." Plaintiff also adds Corizon medical staff, KDOC staff, Aramark Food Service staff, state officials, and the U.S. Attorney for the District of Kansas.

Plaintiff alleges that HCF SST's and security staff are engaging in "beat-up squads" and are "beating prisoners to death in the Segregation units." Plaintiff also alleges that he has been denied his proper medical diet since he returned to HCF on January 23, 2019, and has been subjected to a "reduced protein/cold lunch diet of P-Nut Butter or tuna (from 4 oz's to 3 oz's)" and he is "routinely served P-Nut Butter 6x per week despite a limit of P-Nut Butter 3x per week." (Doc. 9, at 5.).

The only defendant Plaintiff mentions in the body of his supplemental complaint is CSI Rodriguez-Wilkerson, who he claims prohibits subordinate staff from calling medical emergencies or summoning medical staff "when prisoners with M/H issues are suicidal" and he taunts "prisoners with M/H issue to kill themselves." (Doc. 9, at 6.) Plaintiff claims that he had a heart attack on January 24, 2019, Rodriguez-Wilkerson refused to seek medical attention for two hours, and Plaintiff was only able to obtain medical attention at the shift change and was "thereafter taken to a local hospital by Ambulance."

Plaintiff attaches multiple exhibits and states that he is incorporating them into his supplemental complaint. The exhibits include HCF internal grievance documents and reference: an incident on January 23, 2019, at HCF where Plaintiff alleges he did not receive proper medical care in response to his chest pains; an incident on January 24, 2019, in which an inmate in a nearby cell was suffering in response to being sprayed with chemicals, tasered and beat by SST guards; his January 24, 2019, incident involving Rodriguez-Wilkerson; an incident on

January 29, 2019, at HCF where nurses did an EKG and took his blood pressure but did not do a blood test for troponin levels; the failure of medical staff to properly address complications from his January 25, 2019 heart catheter; and the failure to comply with his renal/increased-protein medical diet since his transfer to HCF on January 23, 2019.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

## III. DISCUSSION

### 1) Request for TRO/Preliminary Injunction

Plaintiff wrote "Emergency TRO/P.I." on his civil rights Complaint. (Doc. 1, at 1.) Plaintiff also filed a "Memorandum & Plaintiff's Affidavit in Support of TRO." (Doc. 4.) Plaintiff asks the Court to enter a temporary restraining order ("TRO") or preliminary injunction enjoining staff at EDCF from using force on Plaintiff for his refusal to comply with EDCF's squat and bend requirement. Plaintiff has acknowledged that HCF and LCF do not impose the squat and bend requirement on Plaintiff. (Doc. 1, at 9.) Plaintiff alleges that he is moved between LCF, EDCF and HCF every four months. Plaintiff was moved to HCF on January 23, 2019. (Doc. 6.) Because Plaintiff is no longer incarcerated at EDCF, the Court denies his request for a TRO or preliminary injunction without prejudice to Plaintiff filing a motion for injunctive relief if he is transferred back to EDCF.

### 2). Motion to Reopen

Plaintiff acknowledges in his Complaint that he previously filed *Lynn v. McCurrie*, Case No. 17-3041, and states that the issues raised in that case are "similar but not what's at bar in this suit." (Doc. 1, at 4.) Plaintiff has filed a "Motion to Reopen McCurrie Suit & Consolidate Into Cline Suit With Request for Video-Teleconference Hearing" (Doc. 12). Plaintiff moves pursuant to Fed. R. Civ. P. 60 to set aside the dismissal of Case No. 17-3041, to reopen that case, and to consolidate it with his current case. Plaintiff filed a similar motion in Case No. 17-3041, and the Court denied that motion on April 19, 2019. *See* Case No. 17-3041, Doc. 105. Plaintiff has filed a Notice of Appeal as to the decision denying the motion to reopen in Case No. 17-3041. Case No. 17-3041 remains closed at this time, it is pending before another judge, and the denial of the

motion to reopen is on appeal. A motion to reopen that case is not properly before the undersigned and it is therefore denied.

**3) Motion for Leave to File Comprehensive Amended Complaint**

Plaintiff is seeking leave to file a comprehensive amended complaint by incorporating the McCurrie action into this case. Where Plaintiff's motion to reopen sought to reopen McCurrie and consolidate it with the current case, this motion now seeks leave to amend his complaint to incorporate his First Amended Complaint from Case No. 17-3041.[1] However, Plaintiff's First Amended Complaint in Case No. 17-3041 ("FAC") was screened by the Court and found to be deficient. The Court's June 25, 2018 Memorandum and Order screened Plaintiff's FAC and found that:

> In complete disregard of the court's Order to follow Rules 18 and 20 when filing his amended complaint, Plaintiff's FAC includes multiple unrelated claims and defendants. Counts 1 through 25 of the FAC allege 25 separate instances of excessive force; Counts 26 through 31 allege the denial of medical care; Counts 32 through 39 allege the denial of court access and the tort of "obstruction of justice"; Counts 40 through 44 allege retaliation; and Counts 45 through 48 allege ADA violations at each facility. Plaintiff's retaliation claims relate to: transfers; rules violations and alleged unconstitutional disciplinary hearings; the denial of court access; and the destruction and removal of legal files.

*Lynn v. McCurrie*, Case No. 17-3041-JWB-KGG, Doc. 73, at 3. The Court also found that Plaintiff's FAC violated "Rule 8 of the Federal Rules of Civil Procedure because it is not a short and plain statement of Plaintiff's claim . . . and violate[d] D. Kan. Rule 9.1(a)" because Plaintiff references paragraphs from his attached, handwritten pages instead of submitting his claims and supporting facts on the court-approved forms. *Id.* at 6. The Court also found:

[1] Plaintiff's motion for leave to file comprehensive amended complaint (Doc. 14) attaches pages from the following documents in Case No. 17-3041: Doc. 1 (Complaint); Doc. 8 (Plaintiff's Sworn Submission of Additional "Counts Nine Thru Twenty-3"; and Doc. 64 (Verified First Amended Complaint). *See* Doc. 14–1.

> The court recognizes that Plaintiff was required to pay the filing fee in this case because he is a three-strikes litigant. "To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in a separate action or actions would allow him to avoid paying the filing fees required for separate actions." *McLemore v. Saline Cty. Sherriff's Office*, No. 15-3202-JAR-DJW, 2016 WL 3522048, at *4–5 (D. Kan. June 28, 2016) (noting that the separateness of Plaintiff's claims is evidenced by the separate filings over the course of months). "It might also allow him to circumvent the three strikes provision set forth in 28 U.S.C. § 1915(g)." *Id*.
>
> The court in *Gulley v. Semple*, noted that "Rule 20 is becoming increasingly important to district courts tasked with reviewing prisoner's complaints pursuant to 28 U.S.C. § 1915A." *Gulley v. Semple*, No. 3:16-cv-1575 (MPS), 2016 WL 7394004, at n.2 (D. Conn. Dec. 21, 2016) (finding complaint failed to comply with Rule 20 where plaintiff's excessive force claims were unrelated to his claim of deliberate indifference to serious mental health needs and the claims involved different defendants). The court cited two commentators as follows:
>
>> In the past, courts did not always pay much attention to this rule. However, nowadays they are concerned that prisoners will try to avoid the filing fee and "three strikes" provisions of the Prison Litigation Reform Act (PLRA) by joining claims in one complaint that really should be filed in separate actions which require separate filing fees and would count as separate "strikes" if dismissed on certain ground.
>
> *Id*. at n.2 (citing John Boston & Daniel E. Manville, Prisoner's Self-Help Litigation Manual 348 (4th ed. 2010) (collecting cases)).

*Id*. at 6–7. The Court found that applying the rules to Plaintiff's FAC, "the fundamental problem is that no single claim implicates all 311 defendants" and the "only way all of Plaintiff's claims could be brought in one lawsuit is if the court were to find that the transaction or occurrence out of which all the claims arise is Plaintiff's incarceration" and "[t]his commonality is not sufficient to comply with the joinder rules." *Id*. at 7 (citing *Redmon v. Zavarus*, No. 09-cv-02133-BNB, 2009 WL 4059188, at *4 (D. Colo. Nov. 20, 2009); *see also Johnson v. Pamplin*, No. 17-cv-0560-BAS-BLM, 2018 WL 316974, at *3 (S.D. Cal. Jan. 8, 2018) (despite alleged assaults

occurring within twenty four hours of each other, "temporal proximity is insufficient to link two unrelated events for the purposes of Rule 20, even when the alleged acts are similar" and fact that defendant-officers work at same institution is not enough to show that distinct incidents are related) (citations omitted); *Smith v. Goss*, No. 1:16-cv-01356-BAM (PC), 2017 WL 2572460, at *6 (E.D. Cal. June 14, 2017) (finding that plaintiff may not pursue multiple unrelated claims regarding excessive force); *Brooks v. Houston County Detention Center*, No. 5:15-cv-408 (MTT), 2016 WL 3676505, at n.2 (M.D. Ga. July 6, 2016) (finding that although plaintiff was allegedly assaulted at both prisons, "Plaintiff's allegations fail to demonstrate a 'logical relationship' between his claims arising out of the conduct of any McEver Probation Detention Center Official and claims arising out of the conduct of Houston County Detention Center officials"); *Ballard v. Hatley*, No. 3:17-cv-393-FDW, 2018 WL 357905, at *1 (W.D. N.C. Jan. 10, 2018) (finding that Eighth Amendment claims regarding deliberate indifference to serious medical needs, conditions of confinement, and excessive force failed to comply with the rules governing joinder of multiple claims and defendants in the same lawsuit)).

Although the Court will grant Plaintiff an opportunity to file an amended complaint, his attempt to "incorporate" his FAC from Case No. 17-3041 is denied. The Court in Case No. 17-3041 found the FAC to be deficient for the reasons set forth in the Court's June 25, 2018 Memorandum and Order at Doc. 73. Although Case No. 17-3041 was dismissed without prejudice, if Plaintiff seeks to reassert claims in the present case he must still comply with the Court's orders, Federal Rules of Civil Procedure 8, 18 and 20, and D. Kan. Rule 9.1(a).

**4) Motion for Appointment of Counsel**

Plaintiff filed a Motion for Appointment of Counsel (Doc. 13), arguing that he is indigent, his claims are meritorious, the case will require substantial discovery, he is confined in

segregation with limited access to legal materials, his health is failing, and he is a layperson. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff submits an amended complaint that survives screening.

**5. Deficiencies in Plaintiff's complaints**

**A. Improper Joinder**

The Court will give Plaintiff an opportunity to file a proper amended complaint. However, Plaintiff must comply with the rules as set forth in this Memorandum and Order.

Plaintiff has been advised in his previous cases pending before this Court, that he must follow Rules 18 and 20 of the Federal Rules of Civil Procedure. *See Lynn v. McCurrie*, Case No. 17-3041-JWB-KGG (D. Kan.) (Doc. 46, at 3–4, 9) (setting forth guidelines for Rules 18 and 20 and directing the Clerk to send Plaintiff copies of Rules 18 and 20 of the Federal Rules of Civil Procedure).

In the present case, Plaintiff has again failed to assert any claim against all defendants that "arises out of the same transaction or occurrence and presents questions of law or fact common to all" as required by Rule 20. Plaintiff's Complaint at Doc. 1 asserts claims regarding: EDCF's transportation strip-out procedures requiring him to squat and bend over despite his disabilities; EDCF's refusal to allow him to keep medicine on his person or to inspect his medication prior to taking it; the cancellation of surgeries in retaliation for his First Amendment activities; and his denial of a handicap-equipped cell with grab bars. Plaintiff's supplemental complaint alleges violations occurring at HCF since his transfer there on January 23, 2019, including: HCF SST's and security staff are engaging in "beat-up squads" and are "beating prisoners to death in the Segregation units"; an incident on January 23, 2019, at HCF where Plaintiff alleges he did not receive proper medical care in response to his chest pains; an incident on January 24, 2019, in which an inmate in a nearby cell was suffering in response to being sprayed with chemicals, tasered and beat by SST guards; a January 24, 2019, incident involving Defendant Rodriguez-Wilkerson; an incident on January 29, 2019, at HCF where nurses did an EKG and took his blood pressure but did not do a blood test for troponin levels; the failure of medical staff to properly address complications from his January 25, 2019 heart catheter; and the failure to comply with his renal/increased-protein medical diet since his transfer to HCF on January 23, 2019. To allow this "mishmash of a complaint" to proceed as filed would result in a

"morass" and would also effectively allow Plaintiff to bring multiple lawsuits for the price of one. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

**B. Continuing Tort Doctrine**

Plaintiff argues that the "continuing tort doctrine" provides a basis for bringing all his claims in one action. The continuing tort doctrine deals with the accrual of an action for purposes of the statute of limitations. *See Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996) ("Under the continuing wrong doctrine . . . 'where a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury.'"). The doctrine is not available where the plaintiff's injury is "definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress." *Id*. at 1431. The doctrine is not a mechanism for avoiding the joinder rules in Rules 18 and 20.

**C. Request for a Grand Jury under 18 U.S.C. § 3332(a)**

Plaintiff's request for relief includes "referral to Federal Grand Jury for Federal criminal law violations as provided by 18 U.S.C. § 3332(a)." In his supplemental complaint he seeks "an immediate order compelling the Kansas U.S. Attorney to present Plaintiff and other victims before a Grand Jury under 18 U.S.C. § 3332(a).

Section 3332 does not create a private right of action. Private rights of action to enforce federal law must be created by Congress, and courts look to whether the text of the statute itself clearly "display[s] congressional intent to create new rights." *Morales v. U.S. Dist. Court for Southern Dist. of Florida*, 580 F. App'x 881, 886 (11th Cir. 2014) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286, 289 (2001)). "And Congress must 'display[ ] an intent to create not just a private right but also a private remedy." *Id*. (citing *Alexander*, 532 U.S. at 286).

The court in *Morales* held that there is no "rights-creating" language in § 3332(a), and

even if the language "arguably implies some potential duty owed on the part of the U.S. Attorney to present information to a special grand jury, that is not a duty owed to Morales individually." *Id*. (citing *Alexander*, 532 U.S. at 289) ("Statutes that focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons."); *see also Hantzis v. Grantland*, 772 F.Supp.2d 1, 3 (D. D.C. 2009) ("no private right of action is available" under § 3332(a)); *Lundy v. United States*, No. 07–1008, 2007 WL 4556702, at *2 (C.D. Ill. Dec. 21, 2007), *corrected on other grounds*, No. 07–1008, 2008 WL 2510172 (C.D. Ill. June 19, 2008) ("§ 3332(a) does not confer a private right of action"); *Bryant v. Fienberg*, No. 206–CV–13849, 2006 WL 2924744, at *2 (E.D. Mich. Oct. 10, 2006) (the "plaintiff does not have a private cause of action under 18 U.S.C. § 3332(a), the Special Grand Jury statute"); *see also Walters v. Vallani*, No. 2:09-CV-00505-KJD-GWF, 2010 WL 597086, at *7 (D. Nev. Feb.16, 2010) (decision regarding what charge to file or bring before a grand jury is that of the prosecutor, not the court); *Arnett v. Unknown*, No. CV 11-5896-JAK(E), 2011 WL 4346329, at *6 (C.D. Cal. Aug. 23, 2011) ("Section 3332(a) contains no "clear and unambiguous" statement conferring a private right of action on an individual to present evidence to a special grand jury or to compel a United States Attorney to do so").

**D. Eleventh Amendment Immunity**

The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a

defendant is “proscribed by the Eleventh Amendment.” *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

**E. Opportunity to File an Amended Complaint**

Plaintiff is given time to file a complete and proper amended complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant. In filing his amended complaint, Plaintiff must do the following: 1) utilize the forms provided by the clerk’s office pursuant to Local Rule 9.1; 2) comply with Rule 8 by setting forth a short, plain statement of the claim(s); and 3) comply with Rules 18 and 20.

In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3003-CM) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates,

locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until **June 6, 2019,** to file a proper amended complaint that complies with the rules as set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's request for a TRO or preliminary injunction is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Reopen McCurrie Suit & Consolidate Into Cline Suit With Request for Video-Teleconference Hearing" (Doc. 12) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 13) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Comprehensive Amended Sworn Complaint Incorporating McCurrie Suit & up to 5-3-19 (Doc. 14) is **denied.**

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated on this 7th day of May, 2019, in Kansas City, Kansas.**

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**U. S. District Judge**