# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

      **Plaintiff,**

      **v.**                                          **CASE NO. 19-3003-CM**

SAMMY CLINE, et al.,

      **Defendants.**

## ORDER

Plaintiff brings this pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. On May 7, 2019, the Court entered a Memorandum and Order (Doc. 15) granting Plaintiff until June 6, 2019, to file a proper amended complaint that complies with the rules as set forth in the Memorandum and Order. On May 30, 2019, the Court entered an Order (Doc. 19) granting Plaintiff's motion for a sixty-day extension of time and extending the deadline for Plaintiff to file an amended complaint to August 6, 2019. This matter comes before the Court on Plaintiff's Second Status Update & Motion for Telephonic Hearing (Doc. 20); Plaintiff's Amended Motion for 90 Days Time Extension (Doc. 21); Plaintiff's Submission of Evidentiary Proof Re Corrupt Obstructions of Admin. Remedies & Request for Intervention Relief (Doc. 22); and Plaintiff's 3rd status Report (Doc. 23).

Plaintiff alleges in his Second Status Update (Doc. 20) that he submitted his motion for a 60-day extension of time (Doc. 16) to staff for efiling on Friday, May 24, 2019, but it was not efiled until Tuesday, May 28, 2019. Plaintiff acknowledges that the motion was returned to him on May 24th with a post-it-note stating that the prison library, which does the efiling, was closed until Tuesday, May 28th. Plaintiff alleges that he drafted an amended motion for a ninety-day extension of time on May 28, which was "inadvertently left unsigned & dated" when he

1

submitted it for efiling on May 29. Plaintiff refiled his motion for a 90-day extension of time as Doc. 21. Plaintiff also alleges that LCF staff criminally destroyed his legal files and asks the Court to schedule a video-telephonic hearing.

Plaintiff's claim regarding the delay in filing his motion for extension of time does not warrant any relief. Plaintiff was advised that the library was closed Friday afternoon and the Court notes that Monday, May 27th was a holiday. His motion was filed Tuesday morning and the Court granted his motion on May 30, 2019—well before the original June 6 deadline. Regarding Plaintiff's legal files, the Court's Order (Doc. 19) granting his motion for extension of time stated that: "the Court will not intervene in the day-to-day prison operations involving the transfer of property. If Plaintiff believes his property was mishandled, he must first pursue his claim through the facility's administrative grievance procedures." (Doc. 19, at 1.) Plaintiff's request for a hearing is also denied. Plaintiff's complaint has not survived screening and therefore no defendants have been served. Therefore, Plaintiff would be the only party at the hearing and he has shown that he is perfectly capable of expressing his claims in writing. Any further requests for a hearing prior to service will be summarily denied.

Plaintiff's Amended Motion for 90 Days' Time Extension (Doc. 21) re-argues his issues regarding his legal files as set forth in his original motion. Plaintiff then sets forth instances of alleged abuses occurring over the past four years. Regarding his legal files, Plaintiff argues that he packed his files into three transfer boxes in anticipation of his transfer to LCF, and staff transferred the contents into five boxes when conducting an inventory. Staff notified the warden at LCF regarding the situation and told him that Plaintiff was in compliance with the three-box limit despite the transfer to five boxes. Plaintiff alleges that when he arrived at LCF, the warden was on vacation, so his property was transferred to the LCF Property Room. Plaintiff asks for a

90-day extension of time to allow him to recuperate from his upcoming heart surgery and to obtain access to his property. Plaintiff also asks the Court to order the criminal abuses to cease and to call upon the Kansas U.S. Attorney's Office to investigate the alleged violations.

The Court will grant Plaintiff's request to the extent that the Court will grant Plaintiff an additional thirty-day extension of time in addition to the sixty-day extension previously granted. However, Plaintiff is responsible for monitoring any issues involving the statute of limitations.

The remainder of Plaintiff's motion at Doc. 21 is denied. This Court cannot order the initiation of criminal charges, which is a decision within the discretion of prosecuting attorneys. *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that a court order for "investigation and prosecution of various people for various crimes" would "improperly intrude upon the separation of powers"). This Court's May 7, 2019 Memorandum and Order (Doc. 15) addressed Plaintiff's request for referral to a Federal Grand Jury and for an order compelling the Kansas U.S. Attorney to present Plaintiff and others before a Grand Jury. The Court held that Section 3332 does not create a private right of action, and decisions regarding what charge to file or bring before a grand jury is that of the prosecutor, not the court. (Doc. 15, at 13–14.) The Court denies Plaintiff's request to order the Kansas U.S. Attorney's Office to investigate alleged violations. Any further request by Plaintiff to order an investigation or to compel the U.S. Attorney's Office to refer matters to a grand jury will be summarily denied.

Plaintiff also filed a "Submission of Evidentiary Proof Re Corrupt Obstructions of Admin. Remedies & Request for Intervention Relief" (Doc. 22), arguing that he was denied a signed and dated copy of a five-page personal injury claim he submitted on May 29, 2019, and that he is being denied access to administrative remedies. Plaintiff attaches a five-page grievance, including a personal injury claim form, signed and dated May 29, 2019. (Doc. 22–1.)

Plaintiff asks the Court to "grant declaratory relief that this obstruction/rejection of [his] viable admin. remedy injury claim satisfies exhaustion of nonavailable admin. remedies" and to grant injunctive relief prohibiting Sgt. Chris Ross from participating in Plaintiff's grievance procedures and to compel Warden Ronny Baker to personally address all future grievances filed by Plaintiff.   (Doc. 22, at 2.)  Plaintiff again asks for a  referral to the U.S. Attorney's Office for investigation, which is denied for the reasons set forth above.

Plaintiff argues that he did not receive a signed and dated copy of his claim form, although it appears as though he attaches it to his motion.  Regardless, Plaintiff is not entitled to relief regarding his dissatisfaction with the grievance process.   The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system.  *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at \*6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at \*7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at \*7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").  Plaintiff's request for relief in Doc. 22 is denied.

.

Plaintiff's Third Status Report notifies the Court that on June 8, 2019, when he requested a new roll of toilet paper, staff informed him that he had to first give them the empty roll. Plaintiff tossed the empty roll through the cell bars and onto the run, which resulted in the staff member telling him to "piss off" before continuing down run. Plaintiff alleges that this incident caused his blood pressure to skyrocket and resulted in a trip to LCF clinic's ER and then a trip by ambulance to KU Hospital. Plaintiff alleges that when he returned to LCF after a four-day stay at the hospital, his "butt pad/warming blanket" which he has had for nearly two years was confiscated. Plaintiff also complains about delays in using the phone to call his attorney, which resulted in him finally calling at a time when his attorney was not available, and two disciplinary reports for Plaintiff's failure to return the phone to staff when ordered to do so. Plaintiff again asks the Court to schedule a video-telephonic hearing.

To the extent Plaintiff is seeking a hearing or any other relief in his Third Status Report, such a request is denied. Plaintiff continues to update the Court on his daily grievances. Any such grievances must be exhausted through the prison's administrative grievance procedure and then brought pursuant to a newly-filed civil rights action, or as part of his amended complaint in this case if appropriate under Federal Rules of Civil Procedure 18 and 20.

**IT IS THEREFORE ORDERED** that Plaintiff's requests for relief in Docs. 20, 22 and 23 are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion for 90 Days Time Extension (Doc. 21) is **granted** to the extent that the Court will grant Plaintiff an additional thirty-day extension of time to file his amended complaint**.** The motion is **denied** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 6, 2019,** to file a proper amended complaint that complies with the rules as set forth in this Court's Memorandum and Order at Doc. 15.

**IT IS SO ORDERED**.

**Dated on this 24th day of June, 2019, in Kansas City, Kansas.**

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**U. S. District Judge**