# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

    **Plaintiff,**

    v.                                CASE NO. 19-3003-CM

SAMMY CLINE, et al.,

    **Defendants.**

## ORDER

Plaintiff brings this pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Lansing Correctional Facility in Lansing, Kansas ("LCF"). On May 7, 2019, the Court entered a Memorandum and Order (Doc. 15) granting Plaintiff until June 6, 2019, to file a proper amended complaint that complies with the rules as set forth in the Memorandum and Order. On May 30, 2019, the Court entered an Order (Doc. 19) granting Plaintiff's motion for a sixty-day extension of time and extending the deadline for Plaintiff to file an amended complaint to August 6, 2019. On June 24, 2019, the Court granted Plaintiff's amended motion for an extension of time and extended the deadline to file an amended complaint to September 6, 2019. (Doc. 24.) This matter comes before the Court on Plaintiff's Motion for Orders (Doc. 25) and Plaintiff's Verified Motion for Temporary Protective Orders (Doc. 26).

Plaintiff's Motion for Orders seeks an indefinite stay of this case pending the return of his seized property by LCF staff. Plaintiff also requests that this case be transferred to the Chief Judge. Lastly, Plaintiff asks the Court to grant him permission to file an interlocutory appeal in the event the Court denies his motion.

In his Motion for Temporary Protective Orders, Plaintiff details the facts surrounding his transfer to LCF and the mishandling of his property. These facts are set forth in the Court's June 24, 2019 Order. (Doc. 24, at 2.) Plaintiff claims that LCF staff decided what property pertained to Plaintiff's pending cases and then "dumped a bunch of disarrayed 'legal papers' into a small 'legal box'" and sent them to Plaintiff in segregation. Plaintiff reviewed the property on July 17, 2019, in the presence of LCF staff and "refused to accept" what he saw as a half-full legal box of disarrayed legal papers. (Doc. 26, at 3.) Plaintiff claims that what is left of his property will be destroyed on August 2, 2019, unless it is picked up by an attorney or third party. *Id*. at 4. Plaintiff states that he has a hearing in his state habeas case on July 25, 2019. *Id*. at 5.

Plaintiff asks this Court to enjoin prison officials from destroying or removing the remainder of his property held at LCF. Plaintiff attaches correspondence dated June 17, 2019, from the LCF Warden's Office stating that his "excess property is being stored in the LCF Property Department" and "[i]f there are specific documents urgently needed, please discuss this with your Unit Team." *Id*. at 7. Correspondence from the Warden's Office dated July 3, 2019, states that Warden Baker "agreed that you may dispose of your excess property as you stated, to a third party, or to your attorney. You will have 30 days to make arrangements." *Id*. at 8. Correspondence from Warden Baker dated July 15, 2019, states that the decision to allow Plaintiff thirty days to either send his property to his attorney or a third party was at Plaintiff's request and "generous, considering General Order 9,103 clearly states that you have 7 days to be in compliance with a property disposition notice." *Id*. at 12. Plaintiff was taken out of his cell on July 17, 2019, to meet with the Segregation Unit Counselor to examine his box of legal papers, and Plaintiff "again refused to accept these maliciously trashed/disarrayed legal papers dumped into a legal box." *Id*. at 13. In correspondence to staff dated July 17, 2019, Plaintiff

claims that the remainder of his property will be taken into his state habeas hearing by his attorney, who represents him in his habeas case and "will be taking on 4 of my Federal Court suits." *Id*. 17.

The Court denies Plaintiff's request to stay these proceedings. The Court has been generous in granting Plaintiff's requests for extensions of time to file his amended complaint. The Court will direct the Clerk to send Plaintiff a copy of his original Complaint (Doc. 1), and the Court's orders at Docs. 15, 19, and 24, to aid him in filing his amended complaint. Plaintiff's amended complaint is currently not due until September 6, 2019, and there are no other pending deadlines in this case.

To the extent Plaintiff complains about the handling of his property at LCF, the Court has previously refused to intervene in the day-to-day prison operations and again denies Plaintiff's requests regarding the return of his property. This Court's previous Order (Doc. 24) provided that:

> Regarding Plaintiff's legal files, the Court's Order (Doc. 19) granting his motion for extension of time stated that: "the Court will not intervene in the day-to-day prison operations involving the transfer of property. If Plaintiff believes his property was mishandled, he must first pursue his claim through the facility's administrative grievance procedures." (Doc. 19, at 1.)

(Doc. 24, at 2.) Plaintiff's attachments reflect that staff are attempting to work with Plaintiff regarding his excess property, by granting his request to have his attorney pick up his files and granting him additional time to do so. Plaintiff has not alleged why his attorney is incapable of picking up his excess property, and in fact Plaintiff's correspondence with prison officials reflects that his attorney is doing just that and presenting the documents to the court in Plaintiff's state habeas case which was scheduled for a hearing on July 25, 2019. Regarding the property

3

Plaintiff is apparently entitled to keep, it appears as though staff has given him the option to go through it on at least two occasions and Plaintiff has "refused to accept" the files.

Furthermore, deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property).

The Court denies Plaintiff's request to transfer this case to the Chief Judge. Plaintiff has provided no legal basis or argument as to why his case should be transferred. The Court's Pro Se Guide provides that cases will be randomly assigned and states that "[y]ou cannot choose your judges." *See* Filing Your Lawsuit in Federal Court: A Pro Se Guide, Revised 2/2016, p. 18 (located on the Court's internet site at http://ksd.uscourts.gov).

The Court finds that Plaintiff's motions should be denied, and denies a request for certification of an interlocutory appeal regarding his Motion for Orders at Doc. 25. Plaintiff's Motion for Orders requested a stay of his case and to have his case transferred to the Chief Judge. The Court's ruling on this motion does not warrant certification of an interlocutory appeal.

The Tenth Circuit Court of Appeals has jurisdiction to hear appeals only from "final decisions" of district courts. *Larson-White v. Rohling*, No. 08-3246-SAC, 2008 WL 5427783, at

*1 (D. Kan. Dec. 31, 2008) (citing 28 U.S.C. § 1291). "In light of this statutory limitation, interlocutory appeals are the exception and not the rule." *Id.* (citing *Myers v. Oklahoma Cty. Bd. of Comm'rs*., 80 F.3d 421, 424 (10th Cir.), *cert. denied*, 519 U.S. 963 (1996) (citing *Johnson v. Jones*, 515 U.S. 304, 308 (1995)); *see also Carpenter v. Boeing Co.,* 456 F.3d 1183, 1189 (10th Cir. 2006) ("Interlocutory appeals have long been disfavored in the law, and properly so.").

An interlocutory appeal must be evaluated under 28 U.S.C. § 1292(b), which provides for appeals from interlocutory decisions in very limited circumstances. Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Certification of interlocutory appeals is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Larson-White*, 2008 WL 5427783, at *1 (citing *State of Utah By and Through Utah State Dept. of Health v. Kennecott Corp*., 14 F.3d 1489, 1495 (10th Cir.) (citing S. Rep. 2434, 1958 U.S.C.C.A.N. at 5262), *cert. denied*, 513 U.S. 872 (1994)).

The Court does not find that an immediate appeal from the Court's non-dispositive order could materially advance the ultimate resolution of this matter. The Court's denial of the motion does not involve a controlling question of law as to which there is substantial ground for difference of opinion. Therefore, the Court denies any request for certification of an interlocutory appeal regarding the denial of Plaintiff's Motion for Orders at Doc. 25.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Orders (Doc. 25) and Plaintiff's Verified Motion for Temporary Protective Orders (Doc. 26) are **denied.**

**IT IS FURTHER ORDERED** that certification of an interlocutory appeal regarding the denial of Plaintiff's Motion for Orders at Doc. 25 is **denied**.

The Clerk is directed to send Plaintiff copies of Docs. 1, 15, 19, and 24.

**IT IS SO ORDERED**.

**Dated on this 26th day of July, 2019, in Kansas City, Kansas.**

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **U. S. District Judge**

---

[1] The Court notes that interlocutory appeals regarding injunctive relief are provided for in § 1292(a)(1) which provides that "the courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts . . . refusing . . . injunctions . . . ." 28 U.S.C. § 1292(a)(1).