IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

    Plaintiff,

    v.                      CASE NO. 19-3003-CM

SAMMY CLINE, et al.,

    Defendants.

## ORDER

Plaintiff brings this pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Lansing Correctional Facility in Lansing, Kansas ("LCF"). This matter comes before the Court on Plaintiff's Motion for Reconsideration (Doc. 30); Motion for Change of Judge (Doc. 31); Verified Motion to Hold Defendants in Violation of 18 U.S.C. §§ 241, 242, 371, 1503-12 (Doc. 32); and Motion for Additional Time Extension (Doc. 33).

**1. Motion for Change of Judge (Doc. 31)**

Plaintiff alleges in his motion that "for any Judge or gov't LEO to refuse the legal duty to investigate & prosecute the crimes against [him] & the administration of justice constitutes a breach of sworn oaths & is malfeasance." (Doc. 31, at 1.) Plaintiff further alleges that he believes he cannot receive a full and fair hearing on any viable matter before the undersigned and states that the undersigned "harbors a deep-seated bias & prejudice against prisoners & is not only deliberately indifferent to any criminal & unconstitutional abuses upon prisoners generally and [him]self specifically, but is also incapable of discerning simple facts & evidence because he is blinded by his prejudicial biases against prisoners." *Id*. Plaintiff then seeks a hearing "to develop the facts & evidence entitling [him] to relief." *Id*. at 2.

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*. Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 350–

51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960. A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993). "[T]he judge's actual state of mind, purity or heart, incorruptibility, or lack of partiality are not the issue." *Id.* (quoting *Cooley*, 1 F.3d at 993). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted). Judges have a duty to sit when there is no legitimate reason to recuse. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351. Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto

power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for the undersigned to recuse is denied.

**2. Motion for Reconsideration (Doc. 30)**

Plaintiff asks the Court to reconsider its Order (Doc. 27) denying Plaintiff's Motion for Orders (Doc. 25) and Motion for Temporary Protective Orders (Doc. 26). Plaintiff's Motion for Orders seeks an indefinite stay of this case pending the return of his seized property by LCF staff. Plaintiff also requests that this case be transferred to the Chief Judge. Lastly, Plaintiff asks the Court to grant him permission to file an interlocutory appeal in the event the Court denies his motion. In his Motion for Temporary Protective Orders, Plaintiff details the facts surrounding his transfer to LCF and the mishandling of his property. These facts are set forth in the Court's June 24, 2019 Order. (Doc. 24, at 2.) The Court denied both motions.

In his motion for reconsideration, Plaintiff alleges that the Court's decision is based on prejudicial bias, and asks the undersigned to recuse. Plaintiff also takes issue with the Court's refusal to initiate criminal proceedings against the staff at LCF. Local Rule 7.3 provides that "[p]arties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed" and the "motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b).

Plaintiff has failed to present any of the grounds warranting reconsideration as set forth in Local Rule 7.3. Plaintiff has not set forth an intervening change in controlling law or the availability of new evidence. Plaintiff has not set forth the need to correct clear error or to prevent manifest injustice. Plaintiff's motion for reconsideration rehashes his prior arguments and argues for the undersigned to recuse. For the reasons set forth above, the Court finds that recusal is not warranted. Plaintiff's motion for reconsideration is denied.

**3. Verified Motion to Hold Defendants in Violation of 18 U.S.C. §§ 241, 242, 371, 1503-12 (Doc. 32)**

Plaintiff's motion alleges that prisoners in segregation at LCF are limited to checking out three legal cases at a time and it takes one to four weeks to obtain the cases. Plaintiff then attaches a library request form that he claims took the library staff one week to provide, and shows that they were only able to find two of Plaintiff's three requested cases. Plaintiff argues that he should be provided with his requests within twenty-four hours. Plaintiff again alleges that his legal files were "seized/compromised/& destroyed" by LCF staff. The motion does not clarify what relief Plaintiff is seeking and states that the "pleading is made for the record & for the 10th Cir." To the extent Plaintiff is seeking some form of relief in his motion, such a request is denied. Although Plaintiff is not happy with the delay in receiving his requested case law, the

motion shows that he has library access. The Court has granted Plaintiff's requests for extensions of time to file his amended complaint, and is also granting his current request for an extension. Plaintiff has not shown that he is entitled to further relief pursuant to his motion and it is therefore denied.

**4. Motion for Additional Time Extension (Doc. 33)**

Plaintiff seeks an extension of time to submit his amended complaint. On May 7, 2019, the Court entered a Memorandum and Order (Doc. 15) granting Plaintiff until June 6, 2019, to file a proper amended complaint that complies with the rules as set forth in the Memorandum and Order. The Court granted Plaintiff's previous motions for extensions of time and the current deadline to file the amended complaint is September 6, 2019. Plaintiff seeks a 45-day extension of time due to the seizure of a substantial portion of his legal files and materials, his limited access to the law library, and his upcoming heart surgeries. For good cause shown, the Court will grant the extension. Plaintiff is granted until October 21, 2019, to file a proper amended complaint that complies with the rules as set forth in this Court's Memorandum and Order at Doc. 15.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 30), Motion for Change of Judge (Doc. 31), and Verified Motion to Hold Defendants in Violation of 18 U.S.C. §§ 241, 242, 371, 1503-12 (Doc. 32) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Additional Time Extension (Doc. 33) is **granted.** Plaintiff is granted until **October 21, 2019,** in which to file a proper amended complaint that complies with the rules as set forth in this Court's Memorandum and Order at Doc. 15.

**IT IS SO ORDERED**.

**Dated September 4, 2019, in Kansas City, Kansas.**

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**U. S. District Judge**