# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

    **Plaintiff,**

    v.                                                      CASE NO. 19-3003-CM

SAMMY CLINE, et al.,

    **Defendants.**

## ORDER TO SHOW CAUSE

Plaintiff brings this pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee in full. Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). Plaintiff is ordered to show good cause, in writing, why this action should not be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or to comply with Court orders.

Plaintiff initiated this case by filing his Complaint on January 4, 2019, alleging violations occurring at EDCF based EDCF's transportation strip-out procedures and method for delivering medication. On February 25, 2019, Plaintiff filed a "Supplemental Sworn Complaint" (Doc. 9), alleging that since his transfer to the Hutchinson Correctional Facility ("HCF") on January 23, 2019, HCF staff were engaging in "beat-up squads," failing to comply with his medical diet, and failing to give proper medical care.

On May 7, 2019, the Court entered a Memorandum and Order (Doc. 15) granting Plaintiff an opportunity to file a proper amended complaint that complies with the rules as set forth in the Memorandum and Order. The Court found that Plaintiff's current complaints were deficient due to: improper joinder; the assertion of the continuing tort doctrine as a mechanism

for avoiding the joinder rules in Rules 18 and 20; seeking a grand jury referral as a form of relief; and naming the State of Kansas and its agencies as defendants when they are absolutely immune from suits for money damages under the Eleventh Amendment. (Doc. 15, at 11–15.) The Court granted Plaintiff an opportunity to file a complete and proper amended complaint in which he:

> (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant. In filing his amended complaint, Plaintiff must do the following: 1) utilize the forms provided by the clerk's office pursuant to Local Rule 9.1; 2) comply with Rule 8 by setting forth a short, plain statement of the claim(s); and 3) comply with Rules 18 and 20.

*Id*. at 15. The Court granted Plaintiff until June 6, 2019, to file a proper amended complaint.

Plaintiff sought a sixty-day extension of time to file his amended complaint. (Doc. 16.) The Court granted Plaintiff's motion and extended the deadline for filing the amended complaint to August 6, 2019. (Doc. 19.) Plaintiff filed an amended motion for a ninety-day extension of time (Doc. 21) and the Court extended the deadline to September 6, 2019. (Doc. 24.) The Court also denied Plaintiff's request for a hearing, noting that "[a]ny further requests for a hearing prior to service will be summarily denied." *Id*. at 2. The Court also cautioned Plaintiff again that "the Court will not intervene in day-to-day prison operations involving the transfer of property." *Id*. The Court also reminded Plaintiff that this Court cannot order the initiation of criminal charges, and stated that "[a]ny further request by Plaintiff to order an investigation or to compel the U.S. Attorney's Office to refer matters to a grand jury will be summarily denied." *Id*. at 3. In referring to Plaintiff's ongoing "Status Reports" the Court noted that Plaintiff continues to update the Court on his daily grievances, and any such grievances "must be exhausted through the prison's administrative grievance procedure and then brought pursuant to a newly-filed civil

2

rights action, or as part of his amended complaint in this case if appropriate under Federal Rules of Civil Procedure 18 and 20." *Id*. at 5.

Plaintiff then filed a motion seeking an indefinite stay of this case. (Doc. 25.) The Court entered an Order on July 26, 2019, denying the request and noting that "[t]he Court has been generous in granting Plaintiff's requests for extensions of time to file his amended complaint" and directing the Clerk to "send Plaintiff a copy of his original Complaint (Doc. 1), and the Court's orders at Docs. 15, 19, and 24, to aid him in filing his amended complaint." (Doc. 27, at 3.)

Plaintiff filed another motion for an extension of time to file his amended complaint (Doc. 33), and a "followup pleading" to the motion, stating that "because [he is] being 'rotated' within the next week, [he] is unable to meet the current deadline & seek at least an absolutely final additional 30 days extension." (Doc. 35, at 2.) The Court granted the motion and entered an Order (Doc. 34) on September 4, 2019, granting Plaintiff an extension of time until October 21, 2019, to file a proper amended complaint "that complies with the rules as set forth in this Court's Memorandum and Order at Doc. 15." (Doc. 34, at 6.)

Plaintiff has not filed an amended complaint by the October 21, 2019 deadline. Instead, he continues to file motions, notices and status reports. *See, e.g.,* Doc. 37 ("Plaintiff's Status Report" – complaining about the delay in receiving his personal property after his transfer to EDCF and receiving his medication in a cup of water); Doc. 38 ("Notice of Continuing Constitutional Torts & Request for Telephone Hearing w/ KS Atty. General Staff" – complaining about compliance with his Renal II/3 Hot Meals Daily Increased Protein Diet at EDCF and complaining that he will need to go upstairs to the counselor's office to make attorney-client phone calls); Doc. 39 ("Plaintiff's Status Report as of 10-15-19 & Request for Injunctive Relief

Orders" – complaining about LCF staff's handling of his property upon transfer to EDCF, his placement in a non-handicap cell at EDCF, EDCF staff's refusal to give him black ink pens and only providing him with a golf pencil, EDCF staff taking his wheelchair from him in the shower, and EDCF staff writing perjurous disciplinary reports); Doc. 40 ("Plaintiff's Request for Declaratory & Injunctive Relief – With Request for Special Master Appt." – complaining about LCF staff's holding Plaintiff's legal mail for several days before mailing it out and either LCF or EDCF staff opening the mail and confiscating the letter when it was returned due to an incorrect address); and Doc. 41 ("11-1-19 Status Report & Motion for Orders Per the All Writs Act – complaining about EDCF staff's refusal to provide him with "4 inch long Seg. Pens" forcing Plaintiff to borrow a black ink pen and confiscating over 40 of Plaintiff's seg. pens, EDCF staff's destruction of his sweatpants, sweatshorts and prescription eyeglasses, which were deemed "altered," seizure of his amended complaint, seizure and opening of his legal mail, and denial of library access). To the extent Plaintiff seeks relief in these documents, the Court denies such requests for the reasons set forth in the Court's previous orders.

Plaintiff initiated this action over ten months ago, and has a duty to diligently prosecute his case. This Court's May 7, 2019 Memorandum and Order made Plaintiff aware that his complaints were deficient, set forth multiple deficiencies in detail, and pointed out Plaintiff's failure to follow rules—including Rule 8's requirement of a short, plain statement of the claim(s). Plaintiff has had ample time to excise improperly joined defendants and claims and to condense his complaint to a "short, plain statement of the claim(s)." The Court even provided Plaintiff with a copy of his original Complaint (Doc. 1), and the Court's orders at Docs. 15, 19, and 24, to aid him in filing his amended complaint.

Despite Plaintiff's failure to file an amended complaint by the Court's deadline, he continues to file multiple notices, motions and status reports. Plaintiff has filed over thirty documents in this case, but has yet to tender a non-deficient complaint. Plaintiff has a history of initiating actions and utilizing them as a means of seeking relief for daily on-going grievances instead of prosecuting his underlying claims. *See, e.g., Lynn v. McCurrie*, No. 17-3041-JWB-KGG (D. Kan.) (filed on March 14, 2017, and dismissed on December 6, 2018, for failure to file a proposed second amended complaint as ordered by the court). Plaintiff is directed to show good cause why this action should not be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute. The failure to respond by the deadline will result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's requests for relief (Docs. 37, 38, 39, 40 and 41) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **December 2, 2019,** in which to show good cause, in writing, why this action should not be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or to comply with Court orders. The failure to respond by the deadline will result in dismissal of this action without further notice.

**IT IS SO ORDERED**.

**Dated November 13, 2019, in Kansas City, Kansas.**

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**U. S. District Judge**