IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

    **Plaintiff,**

    v.                                              CASE NO. 19-3003-EFM

SAMMY CLINE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). On March 9, 2020, the Court entered a Memorandum and Order (Doc. 58) ("M&O") directing officials responsible for the operation of HCF to prepare a *Martinez* Report. This matter is before the Court on Plaintiff's Objection to Court's Memorandum & Order and Motion for Rule 59(e) Relief (Doc. 61). Plaintiff raises several issues in the motion.

Plaintiff first argues that the M&O refers to a previous order that Plaintiff no longer possesses because LCF prison officials seized Plaintiff's legal files and materials. The M&O states:

> Plaintiff seeks to have the Kansas U.S. Attorney and the FBI investigate and present their findings to the grand jury per 18 U.S.C. § 3332(a). The Court has previously denied Plaintiff's request for referral to a Federal Grand Jury and request for an order compelling the Kansas U.S. Attorney to present Plaintiff and other victims before a Grand Jury under 18 U.S.C. § 3332. *See* Doc. 15, at 13–14. The Court denies Plaintiff's current request for the same reasons set forth in this Court's May 7, 2019 Memorandum and Order. *Id*.

(Doc. 58, at 7.) The Court will direct the Clerk to provide Plaintiff with a copy of the Court's Memorandum and Order at Doc. 15.

1

Next, Plaintiff takes issue with the Court's limitation of the scope of the *Martinez* Report. The M&O provides that:

> The Court finds that the proper processing of Plaintiff's medical claim cannot be achieved without additional information from appropriate officials of HCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of HCF to prepare and file a *Martinez* Report. The *Martinez* Report shall be limited to the issue of Plaintiff's medical care on January 24, 2019, and any delay in receiving medical care on that date.

(Doc. 58, at 9.) Plaintiff argues that the limitation ignores the actions of Defendant Martha Miller, RN, on the previous day—January 23, 2019. In his request for relief, Plaintiff moves the Court:

> to alter & amend its Order (Doc. #58) to include the events & claims on 1-23-19 & the events that occurred w/guards beating prisoner James Thurmond half-to-death on 1-24-19 & produce his medical records & photos of his injuries & Bradley Booten's too . . . & the others since 1-24-19 to present in which Beardsley was involved directly, & such other relief as the interests of justice requires, including appt. of counsel, & whether Judge Melgren should recuse himself per 28 U.S.C. § 455(a) . . . Accord 28 U.S.C. § 1776.

(Doc. 61, at 4.) The Court will revise the scope of the *Martinez* Report to include Plaintiff's medical care on January 23, 2019. However, the Court will not include issues regarding other inmates. The Court's M&O provided that:

> Plaintiff makes several claims regarding incidents involving other inmates or claims on behalf of the inmate population in general. It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). To the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in his FAC indicates he lacks standing to do so. To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993). "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90.

(Doc. 58, at 6.)

Plaintiff also takes issue with the Court's denial of his motion for orders/emergency injunctive relief (Doc. 54) and "Plaintiff's Verified Motion for Emergency Hearings for Protective Orders & Urgent Referral to the Kansas U.S. Atty.'s Ofc. for Investigation & Criminal Prosecutions or Appointment of Special Master & Issuance of a TRO/Preliminary Injunction" (Doc. 55). The Court noted that Plaintiff filed these two motions in all three of his pending cases, and that the judge in one of the cases had already denied the motion at Doc. 54 finding it was unexhausted and unrelated to the underlying claims in the case. This Court denied the motion at Doc. 54 for the same reasons. Regarding the motion at Doc. 55, the Court found:

> that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. His request is unrelated to the claims in this case, and ordering no contact with various guards would cause an adverse impact on public safety and prison conditions.

(Doc. 58, at 12.)

Plaintiff also seeks leave to file an interlocutory appeal regarding the Court's refusal to allow Plaintiff to amend his complaint. The Court held in the M&O that:

> Plaintiff has also filed a Motion for Leave to File Supplemental Complaint (Doc. 57). The motion seeks leave to file a supplemental complaint to add claims "shown by his Complaint filed to the Kansas Bd. of Healing Arts, & states such prosecution is relevant & material to the ongoing actionable claims in this case & in Lynn v. Aramark, et al., #20-cv-3046-KHV." Plaintiff asserts that if his motion is granted, he will present his supplemental suit on the standard 42 U.S.C. § 1983 form. Plaintiff's case has been pending for over one year, and he has filed his original Complaint, a Supplement to the Complaint, and an Amended Complaint. His FAC was filed over a year after he initiated this case. Plaintiff has not shown that justice requires leave to amend. *See* Fed. R. Civ. P.15(a)(2). Plaintiff has also failed to comply with Local Rule 15.1 which requires "[a] party filing a motion to amend or a motion for

> leave to file a pleading or other document that may not be filed as a matter of right" to "attach the proposed pleading or other document." D. Kan. Rule 15.1(a)(2). The motion is denied.

(Doc. 58, at 13.)

Plaintiff's request for leave to file an interlocutory appeal regarding the denial of his motion at Doc. 57 is denied. Plaintiff argues that "[i]t is a waste of both Plaintiff's & the Court's time & resources to file separate suits." (Doc. 61, at 4.) Plaintiff has a history of attempting to lump all of his claims together in one action, presumably to avoid the filing fee due to his status as a three-strikes litigant. However, as Plaintiff has been made aware multiple times, Rules 18 and 20 of the Federal Rules of Civil Procedure dictate what claims and parties may be joined in a single action.

The Court's ruling on Plaintiff's motion does not warrant certification of an interlocutory appeal. The Tenth Circuit Court of Appeals has jurisdiction to hear appeals only from "final decisions" of district courts. *Larson-White v. Rohling*, No. 08-3246-SAC, 2008 WL 5427783, at *1 (D. Kan. Dec. 31, 2008) (citing 28 U.S.C. § 1291). "In light of this statutory limitation, interlocutory appeals are the exception and not the rule." *Id.* (citing *Myers v. Oklahoma Cty. Bd. of Comm'rs.*, 80 F.3d 421, 424 (10th Cir.), *cert. denied*, 519 U.S. 963 (1996) (citing *Johnson v. Jones*, 515 U.S. 304, 308 (1995)); *see also Carpenter v. Boeing Co.,* 456 F.3d 1183, 1189 (10th Cir. 2006) ("Interlocutory appeals have long been disfavored in the law, and properly so.").

An interlocutory appeal must be evaluated under 28 U.S.C. § 1292(b), which provides for appeals from interlocutory decisions in very limited circumstances. Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

> The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Certification of interlocutory appeals is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Larson-White*, 2008 WL 5427783, at *1 (citing *State of Utah By and Through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.) (citing S. Rep. 2434, 1958 U.S.C.C.A.N. at 5262), *cert. denied*, 513 U.S. 872 (1994)).

The Court does not find that an immediate appeal from the Court's non-dispositive ruling could materially advance the ultimate resolution of this matter. The Court's ruling does not involve a controlling question of law as to which there is substantial ground for difference of opinion. Therefore, the Court declines to order certification of an interlocutory appeal.

Plaintiff also suggest, without filing a proper motion for recusal, that the undersigned should recuse. Plaintiff argues that the undersigned is biased against prisoners, and that the "bias & prejudice is legendary & on full display in Doc. #58." (Doc. 61, at 2.)

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must

be more than conclusions, rumors, beliefs, and opinions. *Id*. Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960. A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993). "[T]he judge's actual state of mind, purity or heart, incorruptibility, or lack of partiality are not the issue." *Id.* (quoting *Cooley*, 1 F.3d at 993). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted). Judges have a duty to sit when there is no legitimate reason to recuse. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351. Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings,

7

do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for the undersigned to recuse is denied.

The Court will grant Plaintiff's motion to reconsider the Court's M&O to the extent that the Court will revise the scope of the *Martinez* Report to include Plaintiff's healthcare on January 23, 2019. The Court denies the motion to reconsider in all other respects. Specifically, the Court finds that reconsideration of the Court's denial of Plaintiff's motions at Docs. 54, 55 and 57, is not warranted. Local Rule 7.3 provides that "[p]arties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed" and the "motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b).

Plaintiff has failed to present any of the grounds warranting reconsideration as set forth in Local Rule 7.3. Plaintiff has not set forth an intervening change in controlling law or the availability of new evidence. Plaintiff has not set forth the need to correct clear error or to prevent manifest injustice. Plaintiff's motion for reconsideration rehashes his prior arguments and argues for the undersigned to recuse. For the reasons set forth above, the Court finds that recusal is not warranted.

To the extent Plaintiff is also requesting the appointment of counsel, such a request is denied. On March 9, 2020, Plaintiff filed a motion to appoint counsel (Doc. 59), and the Court

denied the motion on March 17, 2020. (Doc. 60.) In the Order at Doc. 60, the Court noted that it was denying the motion for the same reasoning set forth in the Court's prior order denying such a request at Doc. 15. The Court also reminded Plaintiff "that this Court's March 9, 2020 Memorandum and Order provides that '[n]o answer or motion addressed to the FAC shall be filed until the *Martinez* Report required herein has been prepared and filed.' (Doc. 58, at 14)." The Court will caution Plaintiff a third time regarding the filing of motions, and notes that any further motions filed prior to the filing of the *Martinez* Report may be summarily denied.

Plaintiff also mentions in his motion that he "is voluntarily dismissing" Case Nos. 20-3046 and 20-3048, which are pending before other judges. The Court notes that Plaintiff must file a notice of dismissal under Fed. R. Civ. P. 41(a)(1) or a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) in each of those cases. Plaintiff's motion in this case is not sufficient to voluntarily dismiss those cases.

Plaintiff has also requested a copy of the Court's Local Rules. The Clerk is directed to send Plaintiff a .pdf version of the Court's Local Rules.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Court's Memorandum & Order and Motion for Rule 59(e) Relief (Doc. 61) is **granted in part and denied in part** as set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that the *Martinez* Report ordered at Doc. 58 is modified to include Plaintiff's medical care on January 23, 2019. The request for all other modifications is denied.

**IT IS FURTHER ORDERED** that any request for recusal, appointment of counsel, or reconsideration of the denial of Plaintiff's motions at Docs. 54, 55 or 57, is **denied.**

**IT IS FURTHER ORDERED** that the Court declines to order certification of an interlocutory appeal regarding the denial of Plaintiff's Motion for Leave to File Supplemental Complaint at Doc. 57.

**IT IS FURTHER ORDERED** that Clerk of Court is directed to provide Plaintiff with a copy of the Court's Memorandum and Order at Doc. 15. The computer link for the Court's Local Rules is `http://ksd.uscourts.gov/index.php/local-rules/`.

**IT IS SO ORDERED.**

**Dated April 13, 2020, in Wichita, Kansas.**

**ERIC F. MELGREN**
**U. S. District Judge**