# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**PATRICK C. LYNN,**

    **Plaintiff,**

    v.                                                                **CASE NO. 19-3003-EFM**

**SAMMY CLINE, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). This matter is before the Court on Plaintiff's Motion for Change of Judge (Doc. 63).

Plaintiff moves the Court to have the undersigned "disqualified" from this case under 28 U.S.C. § 455(a) and (b)(1). Plaintiff alleges that the undersigned failed to respond to Plaintiff's letters seeking an investigation and prosecution of "the plethora of demonically excessive uses of force on defenseless prisoners in restraints w/out just cause, the still ongoing rampant falsifications of reports & logs (cell check rounds), & perjurous D/R's to cover-up criminal wrongdoings by staff &/or to retaliate for legitimate grievances, claims, or legitimate litigation involving those involved or their 'bretheren'." (Doc. 63, at 1.) Plaintiff concludes that Kansas federal officials "are inherently loathe to ever investigate or prosecute any state official violating federal criminal laws." *Id*. at 2. Plaintiff alleges that it is not only the undersigned, but "his fellow KS bretheren in the LEO & Judicial community who perversely mock any truth & concrete evidence brought by [Plaintiff]."[1] *Id*. at 3.

---

[1] Plaintiff also alleges that he wrote to Chief Judge Julie Robinson and others, "and sadly, for all intents & purposes, it's fair to say nobody replied." (Doc. 63, at 4).

Plaintiff also claims that he is "provably innocent" and was "wrongfully convicted" twenty-four years ago. *Id*. Plaintiff alleges that his wrongful conviction was "criminally orchestrated" by the attorney serving as the Johnson County District Attorney at that time, who allegedly had "conspiratorially secret collusion agreements w/ [Plaintiff's] corrupt court appt.'d counsel(s), the trial judge, monsterously evil accuser, & multiple others." *Id*. Plaintiff then attempts to make a political connection between the undersigned and the former Johnson County District Attorney, and proceeds to make allegations against the former DA. Plaintiff alleges that he is going to have a third-party send to the Court a CD containing evidence (newly-discovered in 2013) relating to his state criminal case. *Id*. at 6.

Lastly, Plaintiff takes issue with the undersigned's denial of a waiver of the filing fee in one of Plaintiff's many pending cases—*Lynn v. Lundry*, Case No. 20-3116.

Plaintiff's current motion is his third attempt at seeking recusal in this case. Plaintiff filed a motion for recusal when this case was previously assigned to Judge Murguia. Plaintiff filed a motion for change of judge (Doc. 31), alleging in his motion that "for any Judge or gov't LEO to refuse the legal duty to investigate & prosecute the crimes against [him] & the administration of justice constitutes a breach of sworn oaths & is malfeasance." (Doc. 31, at 1.) Plaintiff further alleged that he could not receive a full and fair hearing on any viable matter before Judge Murguia, whom he alleged "harbors a deep-seated bias & prejudice against prisoners & is not only deliberately indifferent to any criminal & unconstitutional abuses upon prisoners generally and [him]self specifically, but is also incapable of discerning simple facts & evidence because he is blinded by his prejudicial biases against prisoners." *Id.* Judge Murguia denied the motion for change of judge. (Doc. 34, at 1–4.)

Plaintiff has also previously argued that the undersigned is biased against prisoners, and that the "bias & prejudice is legendary & on full display in Doc. #58." (Doc. 61, at 2.) On April 13, 2020, the Court entered a Memorandum and Order (Doc. 62) denying Plaintiff's request for the undersigned to recuse. The Court set forth a detailed analysis as to why recusal was not warranted in this case. *See* Doc. 62, at 5–8. Nothing in Plaintiff's current motion warrants a different analysis or outcome.

Plaintiff's allegations in his current motion can be grouped into three categories: 1) his dissatisfaction with his criminal conviction and his claim of innocence; 2) the alleged refusals or failures of "our KS Fed. Ct. Judges" to order a grand jury investigation; and 3) adverse rulings in this case and his other pending cases. Plaintiff's arguments regarding his twenty-four-year-old conviction must be (and have been)[2] brought pursuant to a petition for habeas relief and are not properly before the Court in his current civil rights action under 42 U.S.C. § 1983. None of Plaintiff's claims regarding his criminal conviction or alleged innocence warrant recusal. Likewise, the Court's adverse rulings do not provide a basis for recusal, as set forth in this Court's prior Memorandum and Order. (Doc. 61, at 7) ("The Supreme Court has explained that 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'") (citing *Liteky*, 510 U.S. at 555)).

Plaintiff also takes issue with the refusal of "our KS Fed. Ct. Judges" to order a grand jury investigation. (Doc. 63, at 6.) Plaintiff also alleges "that the various KS U.S. Attys who've been appt'd over the past 25 yrs. have callously ignored rampant violations of federal criminal laws by KDOC staff." *Id*. Plaintiff has a history of seeking recusal of judges assigned to his

---

[2] The Court's CM/ECF filing system lists Plaintiff as a petitioner in twelve cases filed between April 1999 and April 2016.

cases. Plaintiff has filed repetitive motions to recuse based upon prior rulings by other judges, and has filed numerous judicial complaints against judges hearing his cases.

In *Lynn v. Roberts*, Judge Robinson found that in addition to his most recent motion for recusal, he had "made numerous requests for removal of the judges assigned to his case." *Lynn v. Roberts*, No. 03-3464-JAR, 2005 WL 3087841, at 3 (D. Kan. Nov. 1, 2005). The Court noted that:

> Petitioner first filed a "Motion for Recusal/Change of Judge" (Doc. 25) on August 10, 2004 when this case was before Judge Crow. Petitioner then filed a "Motion for Orders and Request for Expedited Hearing or Change of Judge" (Doc. 57) on April 14, 2005 after this case had been reassigned to the undersigned judge. Additionally, Chief Judge Lungstrum has filed two orders in this case (Docs. 15, 58) in response to letters sent to him by the petitioner. In these orders, Judge Lungstrum denied petitioner's requests for reassignment of his case to another judge.

*Id*. at n.6. The Court found that Plaintiff:

> complains of adverse rulings by the undersigned judge, and he accuses the undersigned judge of ignoring the issues in the case. In subsequent filings, the petitioner also accuses the undersigned judge have [sic] having a "hidden agenda," and he criticizes a previous order as containing "blatant errors and hypocropsy [sic]." The Court has examined the arguments presented by petitioner and finds no valid or reasonable factual basis for petitioner's claim of bias and partiality by the undersigned judge. Therefore, petitioner's motion for recusal is denied.

*Id*. at *3; *see also Lynn v. Kunen*, 162 F.3d 1173 (Table), 1998 WL 732804, at *1 (10th Cir. Oct. 19, 1998) (unpublished) ("We also conclude that plaintiff has presented no indication of improper extrajudicial bias or prejudice that would warrant the district judge's recusal."); *Lynn v. McClain*, Nos. 97-3370, 97-3371, 162 F.3d 1173 (Table), 1998 WL 732806, at * (10th Cir. Oct. 19, 1998) (unpublished) ("On May 30, plaintiff filed in this court a petition for writ of mandamus seeking an order directing the district court to order service of the complaint, grant a

4

preliminary injunction, hold a show cause hearing, order the district judge to recuse himself, and order reinstatement of his state lawsuits. We denied the mandamus petition on July 25, and his petition for rehearing en banc on August 25."); *Lynn v. Werholtz*, No. 10-3142-SAC, 2011 WL 2112476, at *1 (D. Kan. May 26, 2011) (finding that Lynn's motion for recusal need not be considered in closed case unless case was reopened and filing prerequisite was satisfied); *Lynn v. Anderson-Varella*, No. 06-3172-SAC, 2007 WL 293906, at *1 (D. Kan. Jan. 26, 2007) ("Plaintiff made allegations in his initial filings, which were treated as a motion to recuse and denied in the court's prior order. . . . plaintiff moves for this case to be transferred to the Honorable Chief U.S. District Judge Lungstrum, and claims the undersigned judge has a conflict of interest. Plaintiff offers no facts in support beyond prior rulings. . . . Mr. Lynn has made many spurious remarks about the undersigned judge and nearly all judges who have issued adverse orders in the numerous lawsuits filed by him."), *aff'd* 257 F. App'x 80 (10th Cir. Nov. 30, 2007); *Lynn v. McCurrie*, No. 17-3041-JTM-DJW (Doc. 19: "The Court notes that several of Plaintiff's pleadings claim that this Court's rulings show judicial bias. However, Plaintiff has not filed a proper motion to recuse and prior rulings are not grounds for recusal."), (Doc. 35:  denying recusal and finding that "Plaintiff claims that the undersigned is biased and 'complicit in the criminal abuses ongoing against [Plaintiff].' These conclusory allegations lack any support and are completely unsubstantiated."); *Lynn v. Roberts*, No. 04-3021-GTV (Doc. 9:  Order regarding letter from Plaintiff seeking to reassign his case from Judge VanBebber to another judge); *Lynn v. Cline*, Case No. 10-mc-00302-SAC (Doc. 4:  Order from Chief Judge declining to take action on Plaintiff's correspondence seeking Judge Crow's recusal); *Lynn v. Kansas*, No. 16-cv-3089-JTM (multiple motions for disqualification of Judge Crow and referral to Chief Judge).

Plaintiff's latest motion for recusal is another attempt to seek recusal of any judge issuing an adverse ruling in one of his cases. The motion is without merit and is denied for the same reasoning set forth in this Court's prior Memorandum and Order at Doc. 62.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Change of Judge (Doc. 63) is **denied.**

**IT IS SO ORDERED.**

**Dated May 8, 2020, in Wichita, Kansas.**

<u>**s/ Eric F. Melgren**</u>
**ERIC F. MELGREN**
**U. S. District Judge**