## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**PATRICK C. LYNN,**

      **Plaintiff,**

      **v.**                               **CASE NO.  19-3003-EFM**

**SAMMY CLINE, et al.,**

      **Defendants.**


### MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), and was previously incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF").   This matter is before the Court on multiple motions filed by Plaintiff: 1) "Plaintiff´s Request Invoke Discovery Rules to Develop & Substantiate Recusal Affidavit Facts & Oral Arguments" (Doc. 71); 2) "Plaintiff´s Affidavit of Prejudice In Support of Disqualification of Judge Melgren Per 28 U.S.C. § 144 with Request for Evidentiary Hearing Record to Facilitate Reliable Appellate Review" (Doc. 72); 3) "Plaintiff´s Motion to Order EDCF Atty. Joni Cole to Provide Prompt Access to the Audio Interviews/Exhibit #41 of the Martinez Report or Alternatively to Produce Written Transcripts" (Doc. 75–1);  4) "Verified Motion for Show Cause Order" (Doc. 76); 5) "Plaintiff´s Motion for a Temporary Stay of All His Obligations to Pursue Discovery & Respond in Detail to the Martinez Report Due to Egregious Present Circumstances" (Doc. 77–1); and 6) "Verified Motion for Orders to Return Plaintiff to HCF & Explain Under Oath Why He was Moved to EDCF" (Doc. 78).

**Motion to Recuse and Request for Discovery (Docs. 71, 72)**

Plaintiff's motions at Doc. 71 and Doc. 72 are Plaintiff's third attempt at seeking the undersigned's recusal.   On April 13, 2020, the Court entered a Memorandum and Order (Doc. 62) finding that "Plaintiff also suggest[s], without filing a proper motion for recusal, that the undersigned should recuse. Plaintiff argues that the undersigned is biased against prisoners, and that the 'bias & prejudice is legendary & on full display in Doc. #58.' (Doc. 61, at 2.)." (Doc. 62, at 5.)  The Court analyzed the request under 28 U.S.C. §§ 144 and 455, and denied the request.   The Court found that "[w]ithout an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144." *Id.* at 6.

Plaintiff then filed a Motion for Change of Judge (Doc. 63), moving the Court to have the undersigned "disqualified" from this case under 28 U.S.C. § 455(a) and (b)(1).  On May 8, 2020, the Court entered a Memorandum and Order (Doc. 64) denying the motion, and noting that Plaintiff had also sought recusal of the judge previously assigned to this case.  Plaintiff's current motions are his fourth attempt at recusal in this case.  He submits his Affidavit of Prejudice (Doc. 72) in support of a request for disqualification under 28 U.S.C. § 144.

Under 28 U.S.C. § 144, a judge shall recuse when a party "files a timely and sufficient affidavit" demonstrating "the judge before whom the matter is pending has a personal bias or prejudice either against [the party] or in favor of any adverse party." 28 U.S.C. § 144.  It is well established that adverse rulings alone cannot form the basis for a section 144 disqualification. *See Mitchell v. Maynard*, 80 F.3d 1433, 1449 (10th Cir. 1996).  The Court exercises discretion in deciding whether to recuse. *See Weatherhead v. Globe Int'l, Inc.,* 832 F.2d 1226, 1227 (10th Cir.1987).

Plaintiff alleges that the undersigned has a personal bias or prejudice against Plaintiff specifically or prisoner litigants generally, because of "rote denials of prisoner motions & suits" by the undersigned and the Court's other judges.  (Doc. 72, at 1.)  He claims it is the Court's "culture" to give short shrift to prisoner cases.  *Id.*  Plaintiff has been advised on multiple occasions that adverse rulings are not a proper basis for recusal.

Plaintiff alleges that the undersigned did not initiate an investigation and prosecution based on letters Plaintiff sent to the undersigned as United States Attorney.  The underlying basis for his claim relies on his assertion that he is actually innocent of the crimes he was prosecuted for in 1996.  Plaintiff attaches to his current motion 46 pages of exhibits relating to his 1996 state court criminal case.  The Court addressed these claims in its prior Memorandum and Order:

> Plaintiff's allegations in his current motion can be grouped into three categories: 1) his dissatisfaction with his criminal conviction and his claim of innocence; 2) the alleged refusals or failures of "our KS Fed. Ct. Judges" to order a grand jury investigation; and 3) adverse rulings in this case and his other pending cases. Plaintiff's arguments regarding his twenty-four-year-old conviction must be (and have been)[1] brought pursuant to a petition for habeas relief and are not properly before the Court in his current civil rights action under 42 U.S.C. § 1983. None of Plaintiff's claims regarding his criminal conviction or alleged innocence warrant recusal.  Likewise, the Court's adverse rulings do not provide a basis for recusal, as set forth in this Court's prior Memorandum and Order. (Doc. 61, at 7) ("The Supreme Court has explained that 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'") (citing *Liteky*, 510 U.S. at 555)).
>
> Plaintiff also takes issue with the refusal of "our KS Fed. Ct. Judges" to order a grand jury investigation. (Doc. 63, at 6.) Plaintiff also alleges "that the various KS U.S. Attys who've been appt'd over the past 25 yrs. have callously ignored rampant violations of federal criminal laws by KDOC staff." *Id.* Plaintiff has a history of seeking recusal of judges assigned to his cases. Plaintiff has filed repetitive motions to recuse based upon prior

---

[1] The Court's CM/ECF filing system lists Plaintiff as a petitioner in twelve cases filed between April 1999 and April 2016.

rulings by other judges, and has filed numerous judicial complaints
against judges hearing his cases.

(Doc. 64, at 3–4.)

Plaintiff's allegations do not show bias or prejudice.  In fact, he alleges that all the United

States Attorneys in Kansas over the past twenty-five years have ignored his attempts to bring

criminal charges against his state prosecutor/defense counsel/KDOC staff.  Plaintiff also takes

issue with rulings by all of the judges on this Court.  *See Davis v. Dep't of State*, No. 4:13cv58,

2016 WL 3626729, at *1 (E.D. Va. Jan. 21, 2016) (affidavit submitted under § 144 was

insufficient where it was largely incomprehensible and "appears to include only vague, factually

unsupported allegations that dozens of judges involved in cases filed by Plaintiff had improper

motivations for their decision-making processes").

Plaintiff alleges that the undersigned's imposition of filing restrictions in another pending

case—Case No. 20-3116—shows bias and prejudice and is "motivated purely w/a vindictive

penchant to punish [him]."  (Doc. 72, at 4.)  Plaintiff alleges that the filing restriction order's

reference to twenty-six cases filed by Plaintiff in this Court is inaccurate and that the Court

"should be required to detail all such cases."  *Id.*[2]  In fact, much of Plaintiff's motion is in effect

---

[2] Plaintiff has filed the following cases in this Court (with the exception of the one case filed in state court and removed to this Court) following his 1996 conviction, twelve of which list him as the petitioner and twenty-five of which list him as a plaintiff:  *Lynn v. Dubowski*, Case No. 96-cv-3577; *Lynn v. McClain*, Case No. 97-cv-3162; *Lynn v. McClain*, Case No. 97-cv-3173; *Lynn v. Valdez*, Case No. 97-cv-3209; *Lynn v. Dubowski*, Case No. 97-cv-3213; *Lynn v. Werth*, Case No. 97-cv-3279; *Lynn v. Kunen*, Case No. 97-cv-3294; *Lynn v. Barkley*, Case No. 98-cv-3186; *Lynn v. Nelson*, Case No. 99-cv-3153; *Lynn v. McClain*, Case No. 00-cv-3132; *Lynn v. Nelson*, Case No. 00-cv-3155; *Raines v. Antonio*, Case No. 00-cv-3314; *Lynn v. Johnston*, Case No. 00-cv-3388; *Lynn v. Cleaver*, Case No. 01-cv-3005; *Lynn v. Simmons*, Case No. 01-cv-3422; *Lynn v. Harris*, Case No. 01-cv-3436; *Lynn v. Mullin*, Case No. 02-cv-3378; *Lynn v. Roberts*, Case No. 03-cv-3464; *Lynn v. Roberts*, Case No. 04-cv-3021; *Lynn v. Anderson-Varella*, Case No. 06-cv-3172; *Lynn v. Roberts*, Case No. 08-cv-3293; *Lynn v. Werholtz*, Case No. 10-cv-3142; *Lynn v. Cline*, Case No. 10-mc-0302; *Lynn v. Schultz*, Case No. 11-cv-3073; *Lynn v. Maddox*, Case No. 12-cv-3104; *Lynn v. Walters*, Case No. 12-cv-3105; *Lynn v. Goddard*, Case No. 16-cv-3048; *Lynn v. Kansas*, Case No. 16-cv-3089; *Lynn v. Peltzer*, Case No. 16-cv-3096 (removed from state court); *Lynn v. Patty*, Case No. 16-cv-3254; *Lynn v. McCurrie*, Case No. 17-cv-3041; *Lynn v. Cline*, Case No. 19-cv-3003; *Lynn v. Willnauer*, Case No. 19-cv-3117; *Lynn v. Price*, Case No. 19-cv-3125; *Lynn v. Aramark, Inc.*, Case No. 20-cv-3046; *Lynn v. Hackney*, Case No. 20-cv-3048; and *Lynn v. Lundry*, Case No. 20-3116.  Plaintiff has also filed motions to join as a plaintiff in Case Nos. 01-cv-3312, 01-cv-3317, 01-cv-3352, 18-cv-3136, 18-cv-3202, 18-cv-3246.

his objection to the order for filing restrictions in Case No. 20-3116.  Those arguments can be taken up in that case, as Plaintiff was given an opportunity to show cause why the filing restrictions should not be imposed.

The facts alleged should lead a reasonable person to conclude that the judge has a special bias against the party.  *Bell v. Chandler*, 569 F.2d 556, 559 (10th Cir. 1978) (citation omitted).  Plaintiff has failed to make such a showing.  In fact, he seeks discovery to develop his argument.  Plaintiff has filed a request for discovery (Doc. 71) "to develop & substantiate recusal affidavit facts & oral argument."  Plaintiff seeks to apply the discovery rules to the undersigned to "greatly assist in developing the record for independent determination of [his] 28 U.S.C. § 144 Affidavit of Prejudice, & for appellate review if necessary."  (Doc. 71, at 1.)  Plaintiff also asks for appointment of a competent and conscientious attorney for the limited purpose of serving as a "friend of the court."  Plaintiff's request to invoke discovery to develop his recusal affidavit is denied.  Displeasure with the Court's rulings are not grounds for recusal, and Plaintiff's motion is merely a speculative fishing expedition and thinly disguised complaint with this Court's prior rulings.

**Motion to Produce Written Transcripts (Doc. 75–1)**

Plaintiff seeks access to the audio tapes (Exhibit 41 to the Martinez Report) containing audio of interviews because "he was rushed thru the initial listening opportunity provided, & vigorously asserts that compelling the defendants & counsel to produce an accurate transcript is supremely beneficial & special scrutiny is necessary of the statements made by LPN Beth Ostrom & she must be added as a named defendant."  (Doc. 75–1.)

Plaintiff's request to add LPN Beth Ostrom as a defendant is denied.  Plaintiff has had ample opportunities to amend his complaint to add defendants.  Plaintiff's dissatisfaction with her statements is not a valid reason to add her as a defendant this late in the proceedings.

It appears as though Plaintiff was provided an opportunity to listen to the audio recordings, but did not have sufficient time to review the recordings.  The Court will deny the request at this time.  However, the request is denied without prejudice to Plaintiff seeking either a transcript of the interviews or an additional opportunity to listen to the recordings during discovery.  The KDOC, as the Interested Party preparing the Martinez Report, should inform the Court of its position as to the availability of a transcript or an additional opportunity to review the recordings.

### Motion for Show Cause Order (Doc. 76)

Plaintiff alleges that he discovered in Fall 2016 that his legal mail was being read and he seeks a show cause order to compel Warden Cline and "the remaining KDOC hierarchy defendants" to fully elaborate and provide details of every legal/official mail letter illegally intercepted.  Plaintiff also seeks a show cause order requiring the Kansas Attorney General to investigate and provide a report to the Court.

This motion contains personal attacks, but also raises issues of concern to the Court.  The motion is denied, but the KDOC is directed to respond to the allegations in paragraph 1 of the motion.

### Motion for Temporary Stay (Doc. 77–1)

Plaintiff alleges that he was involuntarily transferred to EDCF on June 12, 2020, "in retaliation for this case & to obstruct [his] access to witnesses & evidence."  (Doc. 77–1.) Plaintiff believes his legal materials will be "trashed, compromised & destroyed" and asks the

Court to prevent CO2 Mitchell from having contact with Plaintiff's property.  Plaintiff asks the Court to stay all proceedings and obligations until Plaintiff receives his property and assesses the damage.

This Court will not interfere with issues involving the transfer of property from one prison facility to another, especially when Plaintiff is only speculating at this point that damage will occur to his property.  If damage does in fact occur, Plaintiff will need to follow the grievance procedure at the facility.  Furthermore, Plaintiff is not required to respond to the Martinez Report at this time, and therefore currently has no pending deadlines in this case.  The Court is reviewing the Martinez Report and will determine whether any defendants shall be served or whether a response is required from Plaintiff.  Therefore, a stay of this case is unnecessary and Plaintiff's motion is denied.

**Motion for Order to Return to HCF (Doc. 78)**

Plaintiff alleges that he was transferred from HCF to EDCF on June 12, 2020, to prevent him from accessing pivotal witnesses at HCF and to prevent Plaintiff from seeking depositions of defendants and others at HCF.  (Doc. 78.)  To the extent Plaintiff seeks an order for his return to HCF, the request is denied.  This Court does not interfere with day-to-day prison operations, including the decisions regarding which facility to house a particular inmate.

Once again, Plaintiff's concerns over discovery are premature until the Court either orders Plaintiff to respond to the Martinez Report or orders service on defendants.  Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motions at Docs. 71, 72, 76, 77–1 and 78 are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion at Doc. 75–1 is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the KDOC shall respond to paragraph 1 of Doc. 76. The KDOC shall also inform the Court of its position on Plaintiff's request for either a written transcript of Exhibit 41 to the Martinez Report or for an additional opportunity to review the audio recordings.

**IT IS SO ORDERED.**

**Dated June 16, 2020, in Wichita, Kansas.**

<u>s/  Eric F. Melgren</u>
**ERIC F. MELGREN**
**U. S. District Judge**