IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

  **Plaintiff,**

  v.                   CASE NO. 19-3003-EFM

SAMMY CLINE, et al.,

  **Defendants.**

## MEMORANDUM AND ORDER

  Plaintiff brings this pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee in full. On March 9, 2020, the Court entered a Memorandum and Order (Doc. 58) ("M&O") screening Plaintiff's First Amended Complaint (Doc. 48) ("FAC") and ordering the appropriate officials of the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF") to prepare and file a *Martinez* Report. The Memorandum and Order provided that "[o]nce the report has been received, the Court can properly screen Plaintiff's medical claim under 28 U.S.C. § 1915." This matter is now before the Court for screening Plaintiff's medical claim.

  In Count I of Plaintiff's FAC, he claims an Eighth Amendment violation due to deliberate indifference to his serious medical needs. As Count II, Plaintiff alleges "Defendant's 'customs & practices' of criminal & unconstitutional abuses demonstrates an entrenched culture constituting a policy of denying constitutional rights in the KDOC & at HCF especially that caused Plaintiff to suffer massive 8th Amendment violations and countless others." (Doc. 48, at 3.) As Count III Plaintiff alleges that his "8th Amendment rights have been violated by state & federal officials [sic] Defendants' refusals to act upon the hideous criminal & unconstitutional acts of prison & medical staff thru-out the KDOC & especially at HCF." *Id.* at 4. Plaintiff refers to his allegations

at pages 2 and 8–13 of his FAC as support for all three of his Counts. Plaintiff seeks injunctive relief "to be further developed & sought," and declaratory judgments. *Id*. at 5.

The Court screened Plaintiff's FAC in its March 9, 2020 M&O. The facts alleged in the FAC are set forth in the M&O. *Id*. at 1–4. The Court found that Plaintiff's claims regarding other inmates or claims on behalf of the inmate population in general must be dismissed for lack of standing. *Id*. at 6–7. The Court also denied Plaintiff's request to have the Kansas U.S. Attorney and the FBI investigate and present their findings to the grand jury. *Id*. at 7. The Court finds that Plaintiff's Counts can be read together as asserting an Eighth Amendment claim based on his medical care. To the extent Plaintiff attempts to raise any additional claims, those claims are dismissed for failure to state a claim as set forth in the M&O. Any claims relating to Plaintiff's dissatisfaction with responses to his grievances are dismissed. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system.[1]

The Court ordered a *Martinez* Report on Plaintiff's claims regarding the medical care he received at HCF on January 23–24, 2019. Plaintiff alleges that on January 23, 2019, RN Martha Miller took Plaintiff's blood pressure and it was 150 over 80 or 90, while Plaintiff's normal blood pressure is 90/60. Plaintiff alleges that Defendant Miller ignored or refused to comply with chest pains protocol established by Corizon and told the guard to return Plaintiff to his cell.

---

[1] *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").

Plaintiff alleges that his medical treatment for his heart attack symptoms on January 24, 2019, was delayed due to Defendant Jeremy Rodriguez-Wilkerson's[2] refusal to allow Plaintiff to seek help from medical providers and his actions in preventing other staff from calling for medical help.  Plaintiff alleges that from around 9 a.m. to after 3 p.m., he had to take multiple Nitro tabs and he declared a medical emergency due to chest pains.  Plaintiff alleges that he said he was having a heart attack and needed to get to a hospital because he was struggling to breathe.  Plaintiff alleges that he asked the following defendants to call a nurse:  CO1 Jessica Zager; CO1 Thomas Jackson; CO1 Richard Golden; CO1 Russell Cook; CO1 Douglas Sherwood; Mental Health Supervisor Misty Keolavone; Mental Health Counselors Kevin Stansbury and Karla Schroeder; and Med Tech Wendy Wasinger.  Plaintiff alleges that each of these defendants refused to use their radio to call a medical emergency code and declared they were not allowed to do so and would pass it on to "JRW."  Plaintiff was repeatedly told by segregation staff that they notified "JRW" and he forbade them (Zager, Jackson, Golden, Cook and Sherwood) from either calling a radio medical emergency or telephoning medical.

Plaintiff alleges that his symptoms he began suffering at 9 a.m. "morphed into a full-on debilitating OMG heart attack around 1 p.m."  (Doc. 48, at 9.)  Several times during the 7 to 3 shift, JRW passed by Plaintiff's cell without assisting Plaintiff.  Plaintiff was told by medical staff that they relayed Plaintiff's medical emergency to JRW and the shift commanders Curtis Price and Jerry Kipp.  Plaintiff was later told that they had done so, but Price and Kipp refused to investigate.

The Court has reviewed the *Martinez* Report and directs Plaintiff to show good cause why his claims against Defendant Wendy Wasinger should not be dismissed for failure to state a claim. Defendant Wasinger submitted an affidavit stating that she is a certified medication aid who passed

---

[2] Plaintiff names the defendant as Jeremy Rodriguez-Wilkerson.  The *Martinez* Report shows that defendant's name is Jeremy Wilkerson-Rodriguez.  (Doc. 69–17.)

medications to Plaintiff mid-afternoon on January 24, 2019. (Doc. 69–10, at 2–4.) She declared that she is not authorized to call a medical emergency on the radio because she is accompanied on her rounds by an officer who has authority to call an emergency signal; but she did notify the nurse of Plaintiff's complaints on January 24, 2019. *Id.* The Court will give Plaintiff an opportunity to respond and to show good cause why his claims against Defendant Wasinger should not be dismissed for failure to state a claim.

The Court finds that Plaintiff's remaining claims regarding his medical care on January 23–24, 2019, survive screening. To the extent Plaintiff's FAC can be read to assert any other causes of action, those claims are dismissed. The Court will order service on the following defendants that Plaintiff has alleged were deliberately indifferent to his medical care on January 23–24, 2019: Martha Miller; Jeremy Wilkerson-Rodriguez, Jessica Zager, Thomas Jackson, Richard Golden, Russell Cook, Douglas Sherwood, Misty Keolavone, Kevin Stansbury, Karla Schroeder, Curtis Price and Jerry Kipp. All of the remaining defendants are dismissed.[3]

---

[3] Plaintiff names the following defendants in his FAC: Johnnie Goddard, Deputy Secretary of Corrections; the Kansas Department of Corrections ("KDOC"); Laura Kelly, Governor; the State of Kansas; Dan Schnurr, Warden at HCF; Clay Van Hoose, Major/Chief of Security at HCF; Tommy Williams, Deputy Warden at HCF; Jessica Zager, CO1/Segregation Officer at HCF; Jeremy Rodriguez-Wilkerson, Master Sergeant at HCF; Thomas Jackson, CO1/Segregation Officer at HCF; Richard Golden, CO1/Segregation at HCF; Russel Cook, CO1/Segregation Officer at HCF; Jerry Kipp, Captain at HCF; Curtis Price, Captain at HCF; Steve Foster, Captain at HCF; Douglas Sherwood, CO1/Segregation Officer at HCF; Jeffrey Pettijohn, Unit Counselor at HCF; Raymond Stiggins, Lieutenant at HCF; John Markus, EA1 Special Agent at HCF; Devin Carpenter, EA1 Special Agent; Jason Kramer, EA1 Special Agent at HCF; Mike Nickles, Unit Manager at HCF; Christina Wise, Grievance and Property/Injury Claims Officer at HCF; Corizon, Inc.; Barry Lewis-Harris, Chief Medical Director, Corizon Health, Inc.; Debra Lundry, Health Services Administrator, Corizon Health, Inc.; Marth Miller, RN, Corizon Health, Inc.; Carmen Baynham, HCP, Corizon Health, Inc.; Gene Miller, RN, Corizon Health, Inc.; (fnu) Husel, RN, Corizon Health, Inc.; Holly Poole, Mental Health Counselor, Corizon Health, Inc.; Kevin Stansbury, Mental Health Counselor, Corizon Health, Inc.; Misty Keolavone, Mental Health Supervisor, Corizon Health, Inc.; Karla Schroeder, Mental Health Counselor, Corizon Health, Inc.; Russell Jennings, Representative; Derek Schmidt, Kansas Attorney General; (fnu) Schroeder, Reno County District Attorney; (fnu) Henderson, Reno County Sheriff; Roger Werholz, Secretary of Corrections at KDOC; Doug Burris, CM1 at KDOC; Marci Chamidiling, EIA Director, Lansing Correctional Facility; Stephen McCallister, Kansas U.S. Attorney; Marcus Dawes, Unit Counselor at Hutchinson Correctional Facility; (fnu) Diaz, CO1 at Hutchinson Correctional Facility; Wendy Wasinger, Med Tech, Corizon Health, Inc.; Terry Webster, RN, Corizon Health, Inc.; Leo Delpergang, Representative; John Doe, Kansas FBI/SAIC; (fnu) McCarville, Reno County Judge; and Mackie Dick, Reno County Judge. Plaintiff asserts that he is suing defendants in their individual and official capacities.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until August 4**, 2020,** in which to show good cause why his claims against Defendant Wendy Wasinger should not be dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's claims regarding his medical care at HCF on January 23–24, 2019, survive screening.  All remaining claims in Plaintiff's FAC are dismissed.

**IT IS FURTHER ORDERED** that the Court will enter a separate Service Order directing the Clerk of Court to serve the following Defendants:  Jeremy Wilkerson- Rodriguez, Martha Miller, Jessica Zager, Thomas Jackson, Richard Golden, Russell Cook, Douglas Sherwood, Misty Keolavone, Kevin Stansbury, Karla Schroeder, Curtis Price and Jerry Kipp.  Any other named defendants are dismissed.

**IT IS SO ORDERED.**

**Dated July 13, 2020, in Wichita City, Kansas.**

                                                                                    _/s/ Eric F. Melgren_

                                                                                    **ERIC F. MELGREN**
                                                                                    **U. S. District Judge**