**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**PATRICK C. LYNN,**

    **Plaintiff,**

    v.                                                                                          **CASE NO. 19-3003-EFM**

**SAMMY CLINE, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. On March 9, 2020, the Court entered a Memorandum and Order (Doc. 58) ("M&O") screening Plaintiff's First Amended Complaint (Doc. 48) ("FAC") and ordering the appropriate officials of the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF") to prepare and file a *Martinez* Report. The Memorandum and Order provided that "[o]nce the report has been received, the Court can properly screen Plaintiff's medical claim under 28 U.S.C. § 1915." HCF officials filed the *Martinez* Report (Doc. 69) and the Court screened Plaintiff's medical claim as set forth in the Court's July 13, 2020 Memorandum and Order at Doc. 84 ("M&O II"). The Court granted Plaintiff until August 4, 2020, in which to show good cause why his claims against Defendant Wendy Wasinger should not be dismissed for failure to state a claim; found that Plaintiff's claims regarding his medical care at HCF on January 23–24, 2019 survived screening; and dismissed all remaining claims. (M&O II at Doc. 84.)

The Court granted Plaintiff an extension of time to August 31, 2020, to respond to the Court's M&O II and to otherwise object to the Court's orders at Docs. 79 and 85. Plaintiff filed his response on August 31, 2020. (Doc. 94.) Because Plaintiff also filed a notice of interlocutory appeal (Doc. 95), the Court stayed this case pending resolution of the appeal. (Doc. 98.) The

1

Tenth Circuit Court of Appeals dismissed the appeal.  (Doc. 99.)  Therefore, the Court lifts the stay and will address Plaintiff's response at Doc. 94.

Plaintiff argues in his response that he is entitled to relief under Fed. R. Civ. P. 60(b)(3)–(6). (Doc. 94, at 3.)  Plaintiff is apparently seeking relief from "orders to date in this case and *Lundry*." (Doc. 94, at 3.)  In support, Plaintiff's rehashes his arguments for the undersigned to recuse from presiding over this case and argues for vacating the filing restrictions imposed on him in *Lynn v. Lundry*, Case No. 20-3116-EFM.   This Court has denied Plaintiff's request for recusal and nothing in his response warrants reconsideration of those rulings.  To the extent Plaintiff takes issue with the filing restrictions imposed in *Lundry*, that issue must be addressed in that case.  In fact, Plaintiff has appealed the ruling in *Lundry* and the matter is currently on appeal.

Plaintiff also objects to the Court's ruling in Doc. 79 denying his request to add Beth Ostrom as a defendant.  Plaintiff's request to add Ostrom as a defendant was inserted into his "Motion to Order EDCF Atty. Joni Cole to Provide Prompt Access to the Audio Interviews/Exhibit #41 of the Martinez Report–or Alternatively to Produce Written Transcripts."  (Doc. 75–1.)  In seeking an additional opportunity to review the tapes submitted with the *Martinez* Report, Plaintiff states that "compelling defendants & counsel to produce an accurate transcript is supremely beneficial & special scrutiny is necessary of the statements made by LPN Beth Ostrom & she must be added as a named defendant."  *Id*.  The Court denied the request, finding that "Plaintiff has had ample opportunities to amend his complaint to add defendants.  Plaintiff's dissatisfaction with her statements is not a valid reason to add her as a defendant this late in the proceedings."  (Doc. 79, at 6.)

Plaintiff has failed to set forth a valid claim he intends to pursue against Ostrom, failed to assert a valid reason for his delay, and failed to properly seek amendment of his FAC.  *See* D. Kan.

Rule 15.1 (motion for leave to amend must set forth a concise statement of the amendment or leave sought, attach the proposed pleading or other document, and comply with the other requirements of D. Kan. Rules 7.1 through 7.6). Plaintiff filed this case on January 4, 2019, and has named approximately 100 defendants in this case. Plaintiff made a vague request to add Ostrom as a defendant in a motion seeking a transcript on June 15, 2020. Plaintiff sets forth no valid argument as to why he should be allowed to add Ostrom as a defendant this late in the proceeding merely because he takes issue with her statements in the *Martinez* Report. Plaintiff fails to set forth any valid cause of action he purports to have against Ostrom.

Plaintiff also objects to Wendy Wasinger being dismissed as a defendant. (Doc. 94, at 9.) Defendant Wasinger submitted an affidavit stating that she is a certified medication aid who passed medications to Plaintiff mid-afternoon on January 24, 2019. (Doc. 69–10, at 2–4.) She declared that she is not authorized to call a medical emergency on the radio because she is accompanied on her rounds by an officer who has authority to call an emergency signal; but she did notify the nurse of Plaintiff's complaints on January 24, 2019. *Id.* In support of his argument, Plaintiff alleges that Wasinger's "affidavit is a perjurously concocted fabrication." (Doc. 94, at 9.) Plaintiff alleges that Wasinger gave him three different stories on three different occasions: that she was going to notify the HSA Debra Lundry; that Deb Lundry was gone when she finished rounds and she had simply left word with one of the nurses in the clinic; and she had spoken to the Shift Captains Price and Kipp. *Id.* Plaintiff alleges that he only spoke with Wasinger for 15–30 second, not 5–10 minutes. *Id.* None of Plaintiff's statements show that Wasinger violated his constitutional rights or show good cause why his claims against her should not be dismissed for failure to state a claim as set forth in the M&O II.

Lastly, Plaintiff objects to the Court's dismissal in the M&O II of all claims and defendants other than those regarding his medical care at HCF on January 23–24, 2019. Plaintiff argues that he was not attempting to bring claims on behalf of other inmates, but rather was "merely advocating how widespread & horribly reckless these entrenched 8th Amendment customs & practices have been & continued to be." *Id*. at 10. The Court held in the M&O that:

> Plaintiff makes several claims regarding incidents involving other inmates or claims on behalf of the inmate population in general. It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). To the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in his FAC indicates he lacks standing to do so. To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993). "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90.
> Such general grievances are best addressed to the legislative, not the judicial, branch. *Bd. of Cty. Comm'rs of Sweetwater Cty. v. Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002) (citing *Allen v. Wright,* 468 U.S. 737, 751 (1984)). Such claims should be dismissed for lack of prudential standing. *See, e.g., Whitington v. Ortiz,* 307 F. App'x 179, 191 (10th Cir. 2009) *(pro se* prisoner plaintiff "lack[ed] standing to attempt to re-regulate the entire CDOC system, or to sue directly or indirectly on behalf of anyone but himself"); *Martinez v. Mesa Cty. Sheriff's Dep't,* 69 F.3d 548 (Table), 1995 WL 640293 at *1 (10th Cir. 1995) (unpublished) (court is not empowered to decide "generalized grievances concerning prison management").

(Doc. 58, at 6–7.) Plaintiff has not shown that the Court's dismissal of these claims warrants reconsideration.

Plaintiff has failed to show that he is entitled to relief under Rule 60(b)(3)–(6). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

4

> neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000); *see also Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000).

Plaintiff asserts that he is seeking relief under subsections (3) through (6). Plaintiff has not shown fraud, misrepresentation, or misconduct by an opposing party under subsection (3), nor has he made an argument under subsection (5).

Rule 60(b)(4) is also inapplicable. Rule 60(b)(4) provides that the Court may relieve a party from a final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Alford v. Cline*, 2017 WL 2473311, at *2 (10th Cir. June 8, 2017) (unpublished) (quoting *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002)). "Because § 1915A requires a district court to dismiss a prisoner's civil action for failure to state a claim as soon as practicable, a judgment dismissing such an action before service of process isn't void for lack of personal jurisdiction." *Robertson v. Kansas*, 624 F. App'x 969, 971 (10th Cir. 2015) (unpublished).

Due process is satisfied if "fundamental procedural prerequisites—particularly, adequate notice and opportunity to be heard—were fully satisfied." *Alford*, 2017 WL 2473311, at *2

(quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994)).  Plaintiff does not dispute that he received adequate notice or the opportunity to present his arguments.  *See United States v. Rogers*, 657 F. App'x 735, 738 (10th Cir. 2016) (unpublished) (finding that Rule 60(b)(4) argument failed where the court considered party's claims, discussed the claims, and adequately addressed party's arguments).  A judgment is not void merely because it is or may have been erroneous.  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010); *Buck*, 281 F.3d at 1344 ("[A] judgment is not void merely because it is erroneous.").  A Rule 60(b)(4) motion "is not a substitute for a timely appeal."  *Espinosa*, 559 U.S. at 270 (citations omitted).

Plaintiff has not shown that he is entitled to relief under subsection (3), (4) or (5) of Rule 60(b), or that there is any other reason that justifies relief under subsection (6).  "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted).  Revisiting issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" is likewise inappropriate.  *Id*.  Plaintiff has failed to assert exceptional circumstances warranting relief under Rule 60(b).

**IT IS THEREFORE ORDERED** that the stay of this case is **lifted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for relief under Rule 60(b) (Doc. 94) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Wendy Wasinger are **dismissed.**

**IT IS FURTHER ORDERED** that the remaining Defendants shall have until **December 1, 2020,** in which to file an answer or otherwise respond to Plaintiff's remaining claims in his FAC regarding his medical care at HCF on January 23–24, 2019.

**IT IS SO ORDERED.**

**Dated November 4, 2020, in Wichita, Kansas.**

                                                                        *Eric F. Melgren*
                                                                        **ERIC F. MELGREN**
                                                                        **U. S. District Judge**