# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PATRICK V. LYNN,                      )
                                      )
          Plaintiff,         )
                                      )
v.                                    )          Case. No. 19-CV-03003-EFM
                                      )
SAM CLINE, et al.,                    )
                                      )
          Defendants.        )
                                      )

## MEMORANDUM IN SUPPORT OF THE KDOC DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT BASED ON EXHAUSTION

Defendants Jessica Zager, Jeremy Wilkerson-Rodriguez, Thomas Jackson, Richard Golden, Russell Cook, Jerry Kipp, Curtis Price and Douglas Sherwood ("KDOC Defendants") by and through counsel, Assistant Attorney General Natasha M. Carter, submit this Memorandum in Support of their Motion to Dismiss and for Summary Judgment Based on Exhaustion, pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 56. The Notice required by D. Kan. 56.1(f) is also being provided herewith. The KDOC Defendants move for dismissal or summary judgment on all the claims against them based on Eleventh Amendment immunity and Lynn's failure to comply with statutory exhaustion requirements.

## NATURE OF THE CASE

Patrick Lynn is an inmate currently incarcerated at the Lansing Correctional Facility. Lynn sued the KDOC Defendants for alleged constitutional violations under 42 U.S.C. § 1983. Lynn argues the KDOC Defendants were deliberately indifferent to his serious medical needs when, on January 24, 2019, he reported chest pains and the KDOC Defendants allegedly delayed in

contacting medical staff. As discussed below, Lynn's official capacity claims are barred by the

Eleventh Amendment and Lynn failed to exhaust his available administrative remedies as required

by the Prison Litigation Reform Act ("PLRA").

### STATEMENT OF MATERIAL FACTS AS TO WHICH NO GENUINE ISSUE EXISTS

1.  Lynn alleges that on January 24, 2019 the KDOC Defendants did not adequately respond to his reports of chest pains. (*See* Complaint, Doc. 48).

2.  Lynn alleges he complained to several staff following the January 24, 2019 incident. (Doc. 69-40 at 7-8).

3.  Lynn alleges that on January 30, 2019 he sent a Form 9 and a "special problem grievance" to Hutchinson Correctional Facility attorney Jon Graves and Warden Schnurr. (Doc. 69-40 at 7).

4.  Lynn alleges that on February 1, 2019 he sent a Form 9 to "EAI Lt. Markus." (Doc. 69-40 at 8).

### *Property claims*

5.  Lynn submitted a "Property Damage/Loss or Personal Injury Claim Form" dated January 31, 2019 regarding treatment of his alleged chest pains on January 24, 2019. (Doc. 69-40 at 1-10).

6.  Lynn submitted a second "Property Damage/Loss or Personal Injury Claim Form" dated February 4, 2019 regarding treatment of his alleged chest pains on January 24, 2019. (Doc. 69-40 at 11-12).

7.  Lynn submitted a third "Property Damage/Loss or Personal Injury Claim Form" dated February 4, 2019 regarding treatment of his alleged chest pains on January 24, 2019. (Doc. 69-40 at 13-16).

*Letters routed to the secretary of corrections*

**Letter One**

8.  On March 6, 2019 Lynn submitted a letter to "Chuck Simmons-Interim DSOC" with numerous complaints, including complaints regarding the January 24, 2019 incident. (Declaration of Doug Burris, attached hereto as Exhibit 1; Exhibit A to Burris Decl. at 2-5).

9.  On March 8, 2019 Lynn's letter was returned to him without substantive response because the stated issues were not emergencies, and Lynn failed to show "evidence that [he] attempted to reach an informal resolution of these matters with the staff [he] work[s] with on a direct or daily basis." (Ex. A to Burris Decl. at 1).

10. Because Lynn's letter also included medical issues, it was forwarded to the Medical Services Department for review and recommendations from a doctor. (Burris Decl. at ¶ 8; Ex. A to Burris Decl. at 1; Exhibit B to Burris Decl.).

**Letter Two**

11. On March 4, 2019 Lynn submitted a letter to Governor Laura Kelly with numerous complaints, including complaints regarding the January 24, 2019 incident. (Ex. A to Burris Decl. at 7-10).

12. On March 14, 2019 Lynn's letter was returned to him without substantive response because the stated issues were not emergencies and "[t]hese issues can be handled at the facility by using the grievance procedure properly, including obtaining a Warden's response before [he] appeals to the Secretary of Corrections." (Ex. A to Burris Decl. at 6).

**Letter Three**

13. On March 7, 2019, Lynn submitted a letter to Sheriff Henderson and "Reno Co. D.A.

Schroeder" with numerous complaints, including complaints regarding the January 24, 2019 incident. (Ex. A to Burris Decl. at 12-15).

14. On March 13, 2019 Lynn's letter was returned to him without substantive response because the stated issues were not emergencies, and Lynn failed to show "evidence that [he] attempted to reach an informal resolution of these matters with the staff [he] work[s] with on a direct or daily basis." (Ex. A to Burris Decl. at 11).

### *Appeals to the warden and secretary of corrections*

15. Lynn did not submit a grievance to the warden about the January 24, 2019 incident. (Affidavit of Elizabeth Smith, Doc. 69-27 at ¶ 3).

16. Lynn did not appeal a grievance to the secretary of corrections about the January 24, 2019 incident. (Burris Decl. at ¶ 9).

## QUESTIONS PRESENTED

I.      As a matter of law, does the Eleventh Amendment bar Lynn's § 1983 claims against the state officials in their official capacities?

II.     Under the PLRA, did Lynn fail to properly exhaust his administrative remedies for his claims against the KDOC Defendants?

## ARGUMENTS AND AUTHORITIES

### *Standard on Motion to Dismiss*

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Lynn, as the party invoking the Court's jurisdiction, bears the burden of showing its

existence. *Id*. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

### *Summary Judgment Standard*

Summary judgment is required under Rule 56 of the Federal Rules of Civil Procedure when pleadings, affidavits, and any discovery "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Halley v. Huckaby*, 902 F.3d 1136, 1143 (10th Cir. 2018) (citing *McCoy v. Meyers*, 887 F.3d 1034, 1044 (10th Cir. 2018)).

To determine whether a genuine issue exists, courts will view evidence in the light most favorable to the nonmoving party and will accept only reasonable inferences. *See Allen v. Muskogee*, 119 F.3d 837, 839-40 (10th Cir. 1997). That said, the nonmoving party cannot create a genuine issue of fact by making allegations that are clearly unsupported by the record as a whole. *Scott v. Harris*, 550 U.S. 372, 378-81 (2007). Further, any factual dispute must be not only genuine – "such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) – but also material, as determined by substantive law, *see Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). Where there is no genuine dispute of material fact regarding just one of the essential elements a plaintiff must prove, then summary judgment must issue in the defendant's favor. *See Sports Unlimited, Inc. v. Lankford Enterprises, Inc.*, 275 F.3d 996, 999 (10th Cir. 2002) (citing *Adler*, 144 F.3d at 671).

## I.      The Eleventh Amendment bars Lynn's official capacity claims.

Lynn's claims against Defendants in their official capacities must be dismissed. "The Eleventh Amendment bars suits in federal court against a nonconsenting state brought by the state's own citizens." *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)). "This immunity extends to arms of the state and to state officials who are sued for damages in their official capacity." *Id.* (citing *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013)). As employees of KDOC, all of the KDOC Defendants share the state's immunity for suits against them in their official capacity for money damages. *See White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996).

There is a narrow exception to sovereign immunity under *Ex parte Young*, which allows a plaintiff to seek prospective injunctive relief against a state official for ongoing violations of federal law. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). While Lynn alleges a past incident of deliberate indifference in January 2019, he does not allege any ongoing violations to merit prospective relief.

Also, state officials sued in their official capacities are not "persons" amenable to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Lynn's claims against the KDOC Defendants in their official capacities must be dismissed.

## II.      Lynn's claims are barred by the PLRA for failure to properly exhaust his available administrative remedies.

Federal law requires an inmate to exhaust his administrative remedies before filing a civil action in federal court. Lynn did not comply with the KDOC inmate grievance process prior to filing suit in this case; therefore, the KDOC Defendants are entitled to judgment as a matter of law.

The PLRA provides that "[no] action shall be brought with respect to prison conditions under section 1983 of this title. . .by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). This mandatory requirement demands that a prisoner comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

"[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, ⸺ U.S. ⸺, 136 S.Ct. 1850, 1857 (2016). "[T]he PLRA does not enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." *Hardeman v. Smith*, 764 F. App'x 658, 662 (10th Cir. 2019) (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).

The KDOC Grievance Procedure for Inmates is set forth in Article 15 of Chapter 44 of the Kansas Administrative Regulations, K.A.R 44-15-101 et seq., and applies "to a broad range of matters that directly affect the inmate, including . . . actions by employees . . . and incidents occurring within the facility." K.A.R. 44-15-101a(d). "This regulation applies to a constitutional claim such as the § 1983 claim[] asserted here, where the conduct complained of stems from 'actions by employees' of the prison facility. *Vann v. Ash*, No. 15-3192-SAC-DJW, 2016 WL 6680997, at *2 (D. Kan. Nov. 14, 2016) (citing K.A.R. § 44–15–101a(d)(1)(B); *Lewis v. Carrell*, No. 12-CV-3112-DDC-JPO, 2014 WL 4450147, at *5 (D. Kan. Sept. 10, 2014), *reconsideration denied*, No. 12-CV-3112-DDC-JPO, 2015 WL 413640 (D. Kan. Jan. 30, 2015)).

An inmate must take four steps to complete the grievance process: (1) attempt an informal resolution with unit team members; (2) submit a grievance to an appropriate unit team member;

7

(3) submit a grievance to the warden of the facility; and (4) appeal to the secretary of corrections. *See* K.A.R. 44-15-101(b) and (d), -102(a), (b), and (c). Lynn did not complete this process. He may have begun the process by submitting Form 9s to staff, but he did not continue to the next steps. He did not submit a grievance to his unit team. Further, he did not appeal a response from the unit team about the incident to the warden within ten days of receiving the unit team's response. *See* Smith Affidavit, Doc. 69-27 at ¶ 3. Nor did he appeal a grievance to the secretary of corrections. *See* Burris Decl., Ex. 1 at ¶ 9. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032.

Lynn appears to be arguing that an exception to the grievance process applies—that the grievance process was unavailable to him based on the alleged actions (or inactions) of KDOC staff. Doc. 48 at 5. His conclusory assertion is not supported by the record, which shows only that he verbally complained and sent letters to numerous people outside of the required grievance process, submitted several personal injury claims, and perhaps submitted a Form 9 about the incident. The uncontroverted evidence also shows that Lynn's complaints did not go unanswered—he simply failed to follow the required processes and then failed to resubmit proper grievances when his letters were returned to him with instructions on how to properly complete the grievance procedures.

To meet the PLRA's exhaustion requirement, Lynn was required to "'use[ ] all steps that the agency holds out' in 'compliance with an agency's deadlines and other critical procedural rules.'" *Gray v. Sorrels*, No. 19-7060, 2020 WL 3120997, at *1 (10th Cir. June 12, 2020) (quoting *Woodford*, 548 U.S. at 90 (internal quotation marks and citation omitted)). The doctrine of substantial compliance does not apply. *Jernigan*, 304 F.3d at 1032. Simply put, Lynn failed to

meet the mark as he could not circumvent the grievance process by choosing instead to barrage KDOC staff and Kansas officials with verbal complaints and a flurry of letters. "Giving notice of his claims by means other than the prison's available grievance process does not satisfy the PLRA's exhaustion requirement." *Gonzales-Liranza v. Naranjo*, 76 F. App'x 270, 273 (10th Cir. 2003) (citing *Jernigan,* 304 F.3d at 1032); *see also Jackson v. Klevenhagen,* 54 F. App'x. 591 (5th Cir. 2002) (court rejected prisoner's argument that he "substantially complied" with the exhaustion requirement by complaining directly to prison officials both orally and in writing; court held that there is no such "substantial compliance" exception to the requirements of § 1997(e)); *Shephard v. Wilkinson,* 27 F. App'x. 526, 527 (6th Cir. 2001) ("While [plaintiff] asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); *Armstrong v. Scribner,* No. 06-852-RBB, 2008 WL 268974 at *9 (S.D. Cal. Jan. 30, 2008) (finding that plaintiff's letter to prison official, in lieu of filing grievance on standardized form, was insufficient to satisfy exhaustion requirement, court stated that "[s]ince the PLRA, substantial compliance with exhaustion rules is no longer sufficient. A prisoner must *properly* exhaust all claims administratively before filing suit in federal court.") (citing *Woodford,* 548 U.S. at 90–91) (emphasis in original)).

Permitting Lynn to disregard the KDOC's formal grievance procedure and pursue his own remedies would contradict the purposes of the PLRA. *Woodford* is firm that exhaustion must be proper, and here, Lynn clearly did not exhaust all of his available remedies. To *properly* complete the grievance process, Lynn needed to go beyond the first step—attempting an informal resolution—and submit a grievance to his unit team, the warden and then appeal to the secretary of corrections following the time frames mandated by K.A.R. 44-15-102. Lynn may have

attempted to grieve his issues by sending letters to various state officials, but—despite Doug Burris advising him of the deficiencies in his letters and how to correctly grieve the issues raised in them—Lynn did not follow the instructions and complete the grievance process.

Nor does the fact that Lynn filed several personal injury claims about the same incident save his claims. "The KDOC provides separate procedures for § 1983 and personal injury claims." *Nunez v. Heimgartner*, No. 15-3259-EFM-DJW, 2017 WL 2264466, at \*5 (D. Kan. May 24, 2017). Use of the personal injury administrative procedure under Article 16 of the KDOC regulations, K.A.R. 44-16-104a, does not suffice to exhaust a § 1983 claim, which falls under Article 15. "[A]n inmate who wishes to pursue both a personal injury claim and a § 1983 claim must comply with two distinct sets of administrative procedures even if he bases his claims on a single act." *Id.* (quoting *Lewis*, 2014 WL 4450147, at \*6). Because Lynn failed to exhaust his § 1983 claim through the Article 15 grievance procedure, the KDOC Defendants are entitled to judgment as a matter of law.

## CONCLUSION

The KDOC Defendants are entitled to dismissal and summary judgment in their favor. Lynn's official capacity claims are barred by the Eleventh Amendment and all his claims are barred by the PLRA for failure to comply with statutory exhaustion requirements.

Respectfully Submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

s/ Natasha M. Carter
Natasha M. Carter, KS No. 26074
Assistant Attorney General
Memorial Building, 2nd Floor
120 SW 10th Avenue,
Topeka, Kansas, 66612-1597

Phone: (785) 296-2215
Fax: (785) 291-3767
Email: natasha.carter@ag.ks.gov
*Attorney for KDOC Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2021, the above and foregoing was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following:

Jeff Cowger
Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, KS  66603
Jeff.Cowger@ks.gov

Jon D. Graves
Hutchinson Correctional Facility
PO Box 1568
Hutchinson, KS 67504-1568

Joni S. Cole
El Dorado Correctional Facility
PO Box 311
El Dorado, KS 67042
*Attorneys for Kansas Department of Corrections, Interested Party*

Tess E. Johnson
Horn, Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
*Attorney for Schoeder*

I also certify that a copy of the above was served via first-class mail, postage prepaid to:

Patrick C. Lynn, #64377
Lansing Correctional Facility
PO Box 2
Lansing, KS 66043-0002
*Plaintiff, pro se*

s/ Natasha M. Carter_____
Natasha M. Carter
Assistant Attorney General

11