IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PATRICK V. LYNN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case. No. 19-CV-03003-EFM |
| ) | |
| **SAM CLINE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**KDOC DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND FOR SUMMARY JUDGMENT BASED ON EXHAUSTION**

In accordance with D. Kan. 7.1, Defendants Jessica Zager, Jeremy Wilkerson-Rodriguez, Thomas Jackson, Richard Golden, Russell Cook, Jerry Kipp, Curtis Price and Douglas Sherwood ("KDOC Defendants"), through counsel, submit the following Reply in support of their Motion to Dismiss and for Summary Judgment Based on Exhaustion, stating the following in support:

**I.   Lynn does not dispute the KDOC Defendants' Statement of Material Facts, so they are admitted.**

The KDOC Defendants' motion for summary judgment included a statement of sixteen separately numbered and properly supported facts about Lynn's failure to exhaust his administrative remedies. Doc. 112 at 2-4.

Lynn was sent a Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment advising him of the rules for summary judgment and his burden under them. Doc. 113. Nonetheless, Lynn does not specifically controvert any of the sixteen facts set forth in the KDOC Defendants' Statement of Material Facts. His response includes only conclusory statements and a

colorful affidavit, but sheared of the inaccuracies and irrelevancies these assertions do not address any of the KDOC Defendants' facts, and they are not supported by any evidence.[1] Under D. Kan. Rule 56.1, Defendants' facts are deemed admitted for the purpose of summary judgment because Lynn failed to specifically controvert them.

II.     **Defendants' response to Lynn's "sworn declarations."**

In support of his response memorandum, Lynn provides a rambling affidavit titled "Plaintiff's Sworn Declaration in Opposition to all Defendants Motion for Summary Judgment with Memorandum in Support," apparently in an attempt to avoid summary judgment. Doc. 129-1. In essence, Lynn's declaration attempts to rehash the facts of his case without providing an explanation as to how these additional "facts" specifically work to defeat the uncontroverted facts entitling Defendants to summary judgment. This declaration therefore does nothing to detract from the Defendants' motion for summary judgment. The moving party on a motion for summary judgment need not disprove the plaintiff's claim; it "must only establish that the factual allegations have no legal significance." *Gordon v. CompResults, LLC*, No. 11-2547, 2013 WL 656886, at *8 (D. Kan. Feb. 22, 2013) (citing *Dayton Hudson Corp. v. Macerich Real Estate Co.,* 812 F.2d 1319, 1323 (10th Cir.1987)). Nothing within Lynn's declaration precludes the entry of summary judgment. Nonetheless, out of an abundance of caution, Lynn's "sworn declarations" ("LSD") are addressed as follows:

**LSD 1**: Uncontroverted that Lynn is the Plaintiff in this case, but immaterial. The KDOC Defendants lack sufficient information to admit or deny the remainder of the allegations in LSD 1 and deny the same.

---

[1] Because Lynn does not provide a statement of additional facts in separately numbered paragraphs supported by references to the record in accordance with D. Kan. Rule 56.1(b)(2), Defendants have no duty to controvert his assertions in the manner contemplated by D. Kan. Rule 56.1(b) and (c).

**LSD 2-3, 5-16, 20**: Controverted. Lynn improperly sets forth legal conclusions and conclusory allegations rather than statements of fact which are offered with proper evidentiary support. *See Lewis v. Cir. City Stores, Inc.*, No. 05-4001-JAR, 2005 WL 2179085, at *1 n.11 (D. Kan. Sept. 7, 2005), *aff'd*, 500 F.3d 1140 (10th Cir. 2007) (finding that statements of fact constituting a legal conclusion were inappropriately characterized as a statement of fact); *West American Ins. Co. v. King*, 14 F. Supp. 2d 1208, 1210 (D. Kan. 1998) (ignoring legal conclusions inserted into statements of fact); *In Re: Dep't of Energy Stripper Well Exemption Litig.*, 722 F. Supp. 649, 653 (D. Kan. 1989) (describing legal conclusions within statements of fact as clutter).

**LSD 4, 17, 18**: Controverted, and irrelevant to any issue before the Court.

### III. Summary judgment is proper because there is no dispute that Lynn did not exhaust his administrative remedies through Article 15 of the KDOC Grievance Procedure.

Under the Prison Litigation Reform Act (PLRA), an inmate must exhaust all available administrative remedies before bringing a 42 U.S.C. § 1983 action about prison conditions or occurrences. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "Article 15 of the KDOC regulations covers the administrative procedures that must precede a § 1983 claim." *Nunez v. Heimgartner*, No. 15-3259-EFM-DJW, 2017 WL 2264466, at *6 (D. Kan. May 24, 2017) (citing *Lewis v. Carrell*, No. 12-CV-3112-DDC-JPO, 2014 WL 4450147, at *7 (D. Kan. Sept. 10, 2014)); *see also Jones v. Parks*, No. 19-cv-3175-HLT-GEB, Doc. 50 at n.3 (D. Kan. Apr. 13, 2021) ("Plaintiff's alleged personal injury claims based off the same incidents does not exhaust his § 1983 claim."). The Kansas Department of Corrections has a four-step grievance process for inmates, which applies "to a broad range of matters that directly affect the inmate, including . . . actions by employees . . . and incidents occurring within the facility." K.A.R. 44-15-101a(d). To complete the grievance process, an inmate must: (1) attempt an informal resolution with unit team members; (2) submit a grievance to an appropriate unit team member; (3) submit a grievance to

3

the warden of the facility; and (4) appeal to the secretary of corrections. *See* K.A.R. 44-15-101(b) and (d), -102(a), (b), and (c).

Here, there is no dispute that Lynn did not complete this process. The fact that he never appealed any grievance to the secretary of corrections in the relevant time period is admitted. As explained above, he does not controvert this fact. Nor does he controvert that he never filed an appeal to the warden. Lynn's pro se status "does not excuse plaintiff from the burden of coming forward with evidence to support [his] claims as required by the Federal Rules of Civil Procedure and the local rules of this court." *Canady v. Gen. Motors Corp.*, 368 F. Supp. 2d 1151, 1155-56 (D. Kan. 2004) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988)).

The only argument Lynn makes is that "[a] reasonable person would interpret [sic] KAR 44-16-104a as the only proper available admin. remedy." Doc. 129-1 at 3, ¶ 7. But Lynn's attempt at minimizing his own knowledge of the KDOC's grievance procedures is hardly credible. He has filed countless cases in Kansas courts, many of which focused on the exhaustion issue.[2] Even if the Court looks beyond Lynn's prior experience with the KDOC grievance procedures, the record in this case alone establishes Lynn was aware of the Article 15 requirements. Indeed, Lynn's First Amended Complaint specifically pleads that he "submitted numerous grievances per KAR 44-15-101, et seq.", Doc. 48 at 5, and Lynn was repeatedly informed by Doug Burris that he needed to properly complete the Article 15 grievance procedures. Doc. 112-1, Ex. A at 1, 6, 11.

---

[2] *Lynn v. Simmons*, 32 Kan. App. 2d 974, 976-78, 95 P.3d 99, 101-02 (2003) (finding action barred for failure to exhaust administrative remedies under K.A.R. 44-15-101); *Lynn v. Pryor*, No. 117,068, 2018 WL 2374862, at *6-7, 419 P.3d 103 (Kan. Ct. App. 2018) (dismissing unexhausted claims); *Lynn v. Maddox*, No. CIV.A. 12-3104-MLB, 2015 WL 859081, at *3-4 (D. Kan. Feb. 27, 2015) (declining to dismiss based on failure to exhaust after Lynn argued he had attempted to submit an appeal to the secretary of corrections through the Article 15 grievance procedure).

Lynn cites to *Redford v. KDOC*, No. 106,787, 2013 WL 781102, 295 P.3d 1054 (Kan. App. 2013), which is an unpublished case. Even if *Redford* were a District of Kansas or Tenth Circuit case, it does little to support his claims as it does not give guidance on exhaustion in a case like this. *Redford* discusses the required grievance process for personal injury and tort claims. Here, Lynn does not bring a personal injury or tort claim, rather, he insists that "this is a §1983 action." Doc. 129-1 at 5, ¶ 13. *Redford* does not assist the Court's analysis of the required grievance processes for a §1983 claim.

Next, Lynn cites *Hardy v. Shaikh*, 959 F.3d 578 (3d Cir. 2020) and urges the Court to "adopt the 3rd Cir. positions & conclusions of what the SCOTUS ruling in Ross v. Blake, 136 S.Ct. 1850 (2016) means." Doc. 129-1 at 3, ¶ 7. In *Hardy*, the Third Circuit established a test for an inmate "to defeat a failure-to-exhaust defense based on a misrepresentation by prison staff." 959 F.3d at 588. The circumstances here bear no resemblance to those in the *Hardy* case and they do not meet any of the "unavailability" exceptions in *Ross*. Prison officials in the present case did not unreasonably delay consideration of Lynn's grievances, they did not threaten Lynn with harm if he sought to pursue his grievance rights, and they did not mislead Lynn "so as to prevent [his] use of otherwise proper procedures." *Hardy*. 959 F.3d at 586. The Article 15 procedures were available to Lynn, he just failed to use them.

Because Lynn did not complete the available Article 15 grievance procedures, the KDOC Defendants are entitled to judgment as a matter of law.

**IV.     Lynn's response fails to refute the KDOC Defendants' Eleventh Amendment immunity.**

Lynn's claims against the KDOC Defendants in their official capacities are barred by the Eleventh Amendment. *Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1233 (10th Cir. 2010). Liberally construed, Lynn's response attempts to revive his official capacity

5

claims by arguing that because he is seeking injunctive relief his claims fall within the *Ex parte Young* exception. Doc. 129 at 1-2. But Lynn ignores this Court's order dismissing all but the claims regarding his medical care on January 23-24, 2019. Doc. 84 at 4. Obviously, a claim regarding medical care provided more than two years ago does not allege any ongoing violations. Lynn's official capacity claims must be dismissed.

### V. Lynn's requests for appointment of counsel and spoliation sanctions should be denied.

#### A. Appointment of counsel.

Lynn once again asks the Court to appoint him counsel. There is no constitutional right to the appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). However, Congress has provided courts with the statutory authority to appoint counsel for a plaintiff proceeding *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(e)(1). Here, Lynn does not meet the statutory requirements for appointment of counsel under § 1915(e)(1) because he is not proceeding IFP. *See* Doc. 5.

Even if Lynn was proceeding IFP, his request should still be denied. The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Hill*, 393 F.3d at 1115.

Lynn has not carried his burden to show that his claims warrant the appointment of counsel. While Lynn states "this is a case that compels apt. of experienced counsel to represent Plaintiff & the interests of justice are at great peril otherwise," this general statement does not justify appointing counsel. It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks*, 57 F.3d at 979).

Finally, and most importantly, Lynn has not demonstrated any problem representing himself effectively in this case—to date, the docket report reflects 129 entries. He has filed several iterations of his complaint. Docs. 1, 48. He has competently moved for extensions of time, Docs. 7, 10, 16, 21, 33, 46, 86, and 123, responded to the Defendants' motions with legal argument, Docs. 129, and submitted exhibits and affidavits in support of his motions. Docs. 9, 22, 28-29, 35, 46-47, and 50-51. His ability to investigate and convey facts and present argument are apparent in these filings. Accordingly, the KDOC Defendants ask the Court to deny Lynn's request for appointment of counsel.

### B. Spoliation sanctions.

In his response, Lynn raises the specter of spoliation and states that the KDOC intentionally "destroyed [his] documentary evidence in bad faith" and that the security footage on January 24, 2019 was also deliberately destroyed. Doc. 129-1, p. 4, ¶ 11. But on the contrary, the KDOC has not intentionally destroyed any evidence—including security videos—since their duty to preserve evidence relating to this litigation arose. Lynn's request for discovery sanctions is premature and irrelevant.

The events giving rise to this lawsuit occurred in January 2019. But KDOC had no reason to believe litigation was likely until March 9, 2020, when they were served with the order for the

7

*Martinez* report. Doc. 58. Given KDOC does not automatically save video recordings of medical services provided to inmates, the January 24, 2019 video was not automatically saved. And, because the video recording equipment at KDOC had limited storage capacity, the system would overwrite old video recordings with new video recordings.

Federal courts have authority to impose a variety of sanctions for the loss of evidence. *See Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007). But a "party can only be sanctioned for destroying evidence that it had a duty to preserve, and such duty 'arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation.'" *Cook v. Olathe Health Sys., Inc.*, No. 10-CV-2133-KHV-DJW, 2011 WL 346089, at *4 (D. Kan. Feb. 2, 2011) (internal citations omitted).

The inadvertent recording over a security video—notwithstanding a party's good-faith efforts to preserve them—is not a proper ground for spoliation sanctions. As the Tenth Circuit has held in the spoliation context, "[m]ere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009) (quoting *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir.1997)). Lynn's response fails to show that KDOC acted in bad faith in attempting to carry out its duty to preserve evidence.

Even assuming arguendo that the security video was recorded over after a duty to preserve it arose, Lynn can make no showing that he has been prejudiced by any purported loss because the security video cannot possibly have any bearing on the issues relevant to this motion, which must be resolved prior to the Court reaching the merits of Lynn's claims. The KDOC Defendants' motion turns on one of the following questions: (1) whether the KDOC Defendants are entitled to

8

Eleventh Amendment immunity, and (2) whether Lynn's claims are barred by the PLRA for failure to exhaust his administrative remedies.

There is no dispute that Lynn did not complete the Article 15 grievance procedures. All of Lynn's grievance documents are in the Court record, and no security video can possibly affect the conclusion drawn from these fully-integrated documents. To be entitled to sanctions, a party must show that it "has been actually, rather than merely theoretically, prejudiced." *See Grant*, 505 F.3d at 1032. Lynn has made no attempt at explaining how he has been prejudiced by the alleged spoliation. Nor could he, as he cannot show how the inadvertent loss of a security video, if any, affects the issues that are central this motion. *Id*. at 1032-33. Indeed, Lynn's request for the security video makes clear the reason for his request was unrelated to his deliberate indifference claim— he requested the video to show the alleged "egregiously excessive uses of force on I/M Thurman in A-1-126 on 1-24-19. Doc. 69-38 at 8.

Finally, Lynn's "single, passing reference to spoliation" fails to comply with Fed. R. Civ. P. 56(d). *Helget v. City of Hays, Kansas*, 844 F.3d 1216, 1226-27 (10th Cir. 2017). The Court should deny Lynn's cursory request for spoliation sanctions as premature, irrelevant, and due to Lynn's failure to make the requisite showings of duty, bad faith, and prejudice.

## Conclusion

The Court should grant the KDOC Defendants' Motion to Dismiss and for Summary Judgment Based on Exhaustion because they are entitled to Eleventh Amendment immunity and there is no dispute that Lynn failed to exhaust his administrative remedies as required by the PLRA. Further, for the reasons stated above, Lynn's request for appointment of counsel and spoliation sanctions should be denied.

                                                                  Respectfully Submitted,

                                                                  OFFICE OF ATTORNEY GENERAL
                                                                  DEREK SCHMIDT

                                                                  <u>s/ Natasha M. Carter</u>
                                                                  Natasha M. Carter, KS No. 26074
                                                                  Assistant Attorney General
                                                                  Memorial Building, 2nd Floor
                                                                  120 SW 10th Avenue,
                                                                  Topeka, Kansas, 66612-1597
                                                                  Phone: (785) 296-2215
                                                                  Fax: (785) 291-3767
                                                                  Email: natasha.carter@ag.ks.gov
                                                                  *Attorney for KDOC Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of April, 2021, the above and foregoing was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following:

Jeff Cowger
Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, KS  66603
Jeff.Cowger@ks.gov

Jon D. Graves
Hutchinson Correctional Facility
PO Box 1568
Hutchinson, KS 67504-1568

Joni S. Cole
El Dorado Correctional Facility
PO Box 311
El Dorado, KS 67042
*Attorneys for Kansas Department of Corrections, Interested Party*

Tess E. Johnson
Horn, Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
*Attorney for Defendants Martha Miller, RN, Misty Keolavone, LSCSW, Kevin Stansbury, LMSW, and Karla Schroeder, BS*

I also certify that a copy of the above was served via first-class mail, postage prepaid to:

Patrick C. Lynn, #64377
Lansing Correctional Facility
PO Box 2
Lansing, KS 66043-0002
*Plaintiff, pro se*

                                                s/ Natasha M. Carter_____
                                                Natasha M. Carter
                                                Assistant Attorney General